[No. 33303. Department Two. November 17, 1955.]

J. F. LIDRAL, *Appellant,* v. SIXTH AND BATTERY CORPORATION, *Respondent.*[1]

[1]Reported in 290 P. (2d) 459.

*John E. Belcher* and *Harold J. Shea,* for appellant.

*Monheimer, Schermer & Mifflin (Melville Monheimer, Jr.,* of counsel), for respondent.

MALLERY, J.—The defendant corporation owned vacant lots in Seattle. It agreed to construct a building on them, part of which would be occupied by Richfield Oil Corporation, under a ten-year lease. The remainder of the building is not here involved. The Richfield lease provided that architect Henry Bittman would draw the plans and specifications for the building, which would be approved in writing by both parties.

The defendant contracted with plaintiff for the construction of the building. The space to be occupied by Richfield

was to cost $191,044, be completed on May 1, 1951, and Richfield was to move in as soon as it was ready. As construction proceeded, monthly payments were made to plaintiff upon the architect's certificate as to the work performed. The last five per cent of the agreed price was not to be due until thirty days after the full performance of the contract.

The contract contained no provision for liquidated damages or penalty for breach of plaintiff's obligation to complete the building on time, but plaintiff was, at all times, aware of the Richfield lease, and knew that occupancy was to begin as soon as he had performed his part of the contract. As the building was not ready on the completion date, May 1, 1951, there began a period of pressure upon plaintiff to finish it, and thus get the rent started.

In April, 1951, certain specifications, as to interior painting, had been changed and substitutions made in lieu of the original specifications. In July, the architect informed plaintiff that the painting failed to meet these substitute specifications. Plaintiff and defendant agreed upon the repainting of the accounting room for three hundred fifty dollars. Defendant agreed to waive any penalty for delay in completion of the work, *if* the remainder of the interior painting was completed satisfactorily in time for the tenancy to begin on July 13, 1951.

Plaintiff repainted the accounting room, but did not perform the conditions of defendant's waiver by completing the other interior painting. Notwithstanding plaintiff's failure in this regard, Richfield went into possession of the incompleted building on July 16, 1951, under an agreement with defendant to complete the painting itself and be recompensed by defendant for its cost. Richfield hired the Cain Company to do the work, and, by later agreement, defendant paid three thousand dollars directly to the Cain Company. Defendant charged this back to plaintiff against the unpaid final contract payment.

Plaintiff brought a lien foreclosure action for the final payment. Defendant sought to recover, as a setoff, the amount it had paid the Cain Company to complete the work,

and counterclaimed for the loss of rental due to plaintiff's breach of contract in not completing the building at the time specified. Plaintiff, who had alleged full performance of the contract, replied by alleging a waiver of his breach of contract in failing to complete the building on time.

The trial court found the defendant was entitled to recover the rental lost up to July 16, 1951, in the amount of $6,495.32, and also allowed the $3,000, which defendant paid the Cain Company to complete the interior painting. Since these items came to more than the remainder due on the contract price, the defendant was given judgment for the difference in the amount of $1,104.63. The plaintiff appeals.

■ The appellant contends the trial court erred in finding that he did not complete the building according to the specifications of the contract. We are not prepared to hold that the conflicting evidence preponderates against the finding.

■ The appellant contends the trial court erred in finding that Richfield was to take possession of the building in May, 1951. We find no merit to appellant's contention, because possession was to be taken when the building was ready, and appellant contracted to have it ready on May 1, 1951.

The appellant contends that Richfield moved into the building on July 13, 1951, instead of on July 16, 1951, as found by the trial court. We think the evidence does not preponderate against the trial court's finding.

■ The appellant contends that the painting done by the Cain Company for three thousand dollars, was outside the specifications of the contract. It is true Richfield did some painting that was not called for in the specifications, but it did it on its own account and at its own cost. The appellant is not concerned with this item, because it is not the work for which recovery is sought. The work here in question was within the contract, as found by the trial court. We are not prepared to hold that the evidence preponderates against the trial court's finding on this matter.

■ The appellant contends that, in any event, three

thousand dollars is too high a charge for the work in question, because it was done at overtime wage rates. We find no merit in this contention. Respondent mitigated the damages from loss of rental by inducing occupancy before the building was completed. The painting operations carried on, during occupancy of the premises, had to be done in off hours, which made overtime pay necessary. However, the cost of the overtime is considerably less than the loss of rental would have been had Richfield not taken possession until the painting was done at regular wages.

■ The appellant contends that there was an express written waiver of any penalty for failure to complete the building on time. We quote the exact language of the waiver upon which appellant relies:

"This is in answer to your [appellant's] question as to whether or not there is any penalty hanging over your head for noncompletion of the Richfield space.

"The answer to that question is no, *provided* that you finish the Richfield space by the end of this week so that Richfield can move in on Friday night, July 13, 1951." (Italics ours.)

The trial court found, and we sustain the finding, that appellant did not finish the work by the time specified, or at all. The occupancy of the incompleted building by Richfield, is not evidence of performance by appellant of the condition upon which respondent's waiver was predicated. The condition in the waiver relating to completion of the job, was not met, and respondent is not bound by it.

■ The appellant contends that there was no provision in the contract for liquidated damages or penalty for delay in completion of the building, and that, therefore, respondent cannot recover damages for the lost rentals. Respondent makes no claim for a penalty or liquidated damages. The claim is for the breach of the completion time provision of the contract. The measure of damages for the breach is the consequent loss of rentals. Consequential damages are recoverable if the parties knew they would flow from a breach of the contract. See 1 Sutherland's Law of Damages (4th ed.) 50, § 14, and p. 170, § 45; *Dally v. Isaacson,* 40 Wn.

836

(2d) 574, 245 P. (2d) 200. Appellant knew rental loss would result from noncompletion of the building on time. Consequential damages are therefore proper in this case.

 Costs and attorneys' fee in a lien foreclosure action, follow the judgment, and since the appellant did not prevail, he cannot recover them.

The judgment is affirmed.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.