[No. 3508-1.    Division One.    November 29, 1976.]

FLOYD C. ALLEN, ET AL, *Appellants*, v. ROBERT R. ANDERSON, *Respondents.*

*Roehl & Roehl, Carl F. Roehl, Jr.,* and *William P. Roehl,* for appellants.

*Voris, Lipscomb & Belcher* and *Michael C. Lipscomb,* for respondents.

FARRIS, J.—Floyd C. Allen and Lucille Allen, his wife, as purchasers of a 4-unit apartment building, appeal from (1) a judgment of $2,500 awarded to them following a jury

trial on their claim for damages based upon breach of implied warranty and (2) the dismissal by a directed verdict of a similar claim based on the Washington Consumer Protection Act. Robert R. Anderson and Barbara J. Anderson, husband and wife, builders and sellers of the building, cross-appeal.

In 1970, the Andersons completed the construction of a 4-unit apartment building. It was never listed for sale. Their alleged plan was to occupy one unit and rent the other three. The Allens, who originally contemplated renting one of the apartments, liked the building and made an offer to purchase it for $57,000, which was accepted.

After the sale, the following alleged defects were observed:

1. The roof was cupped in the middle preventing normal drainage.

2. The storm and sanitary drains were connected to the city's sewer system in violation of city ordinance.

3. The brick veneer work had been installed contrary to customary practice.

4. The retaining walls had been built without drains, resulting in cracks and bows due to water pressure.

5. The foundation was inadequate, resulting in problems associated with settling.

█ The trial court based its dismissal of the cause of action alleging violation of the Washington Consumer Protection Act on "the isolated quality of the transaction, . . ." Both parties on appeal argued the questions of (1) whether there was evidence of an intentional concealment of a material fact and (2) whether the Consumer Protection Act applies to isolated sales of real estate. *Lightfoot v. MacDonald*, 86 Wn.2d 331, 334, 544 P.2d 88 (1976), decided subsequent to the trial resolved the issue:

> Since the purpose of the act is to protect the public interest, it is natural to assume that the legislature, in granting a private remedy in RCW 19.86.090, intended to further implement the protection of that interest. It follows that an act or practice of which a private individual may complain must be one which also would be vulner-

able to a complaint by the Attorney General under the act. A breach of a private contract affecting no one but the parties to the contract, whether that breach be negligent or intentional, is not an act or practice affecting the public interest.

The trial court therefore did not err in dismissing the claim.

The jury was instructed on the issue of implied warranty as follows:

When the builder of a new building sells it to a purchaser, he impliedly warrants that the foundations supporting it are firm and secure and that the building is structurally safe for human occupancy.

Instruction No. 9.

When a builder sells a new building which he has constructed, there is an implied warranty to the purchaser that the building was built in compliance with local building codes and ordinances.

Instruction No. 10. Both parties argue that the instructions were erroneous.

█ Instruction No. 9 is consistent with *House v. Thornton*, 76 Wn.2d 428, 457 P.2d 199 (1969); *accord, Klos v. Gockel*, 87 Wn.2d 567, 554 P.2d 1349 (1976). Instruction No. 10 finds support in *Klos v. Gockel, supra.* However, before the implied warranty attaches to the sale, *Klos* requires findings that (1) the vendor was a commercial builder and (2) the structure was built for sale, not personal occupancy. Here neither of these factual questions were resolved. There is conflicting evidence in the record which places both questions in issue and makes it necessary for us to remand for their resolution by the trier of fact.

█ Anderson argues that it was proper to introduce the offer of settlement because it contained an admission of fact germane to the issue of damages, *i.e.*, the amount of the Allens' then existing investment in the building. We disagree. While "admissions of distinct fact pertinent to the question in issue," *Eagle Ins. Co. v. Albright*, 3 Wn. App. 256, 264, 474 P.2d 920 (1970), are admissible as an exception to the rule prohibiting the admission of offers of settle-

ment, *Ershig Sheet Metal, Inc. v. General Ins. Co. of America*, 62 Wn.2d 402, 383 P.2d 291 (1963), the exception is inapplicable here. The correct measure of damages for breach of warranty is the "cost of repair," not "the difference in value 'before and after' ". *See Christensen v. Hoskins*, 65 Wn.2d 417, 420, 397 P.2d 830 (1964); *Gay v. Cornwall*, 6 Wn. App. 595, 494 P.2d 1371 (1972). The value of the building after discovery of the breach is not pertinent to the question in issue. It was error to admit the settlement offer.

Reversed and remanded for a new trial wherein the court will instruct consistent with *Klos v. Gockel, supra.*

WILLIAMS, C.J., and ANDERSEN, J., concur.