[No. 2872-2. Division Two. January 30, 1979.]

ROBERT J. PILCH, ET AL, *Appellants*, v. DAVID HENDRIX,
ET AL, *Respondents*.

*McCarthy, Holum, Golob & Casseaux* and *Everett
Holum*, for appellants.

*Frederick P. Smith*, for respondents.

PEARSON, C.J.—Appellant, Robert Pilch, sought to fore-
close a mechanics lien on property of respondents, David
and Irelan Hendrix. The latter counterclaimed for breach

of contract and sought a remedy under the Consumer Protection Act, RCW 19.86. This appeal is taken by Mr. Pilch from a $2,000 judgment on the counterclaim in favor of the Hendrixes.

Two issues are raised on appeal: first, whether the findings of the trial court support a conclusion that appellant violated the Consumer Protection Act;[1] second, whether the appropriate measure of damages was applied.

The case arose out of a contract by which Pilch agreed to replace some worn-out concrete steps at the Hendrix residence with new concrete steps of a rounded design. The contract price was $850, of which $200 was paid in advance. At the conclusion of the work, respondents refused to pay, and this suit was commenced. Trial was to the court, sitting without a jury.

The trial court's finding of fact No. 4 provided:

> That said construction was undertaken by . . . Pilch on the representation, expressed or implied, that it would be done in a good and workmanlike manner; that the same was not within the capabilities of said Pilch and the construction was not in conformity with the agreement, was not done in a workmanlike manner, and constituted a breach of the Consumer Protection Act as a deceptive or unfair practice under the provisions of Revised Code of Washington 19.86.020 and gave rise to assessment for damages as provided in 19.86.090.

There was ample testimony that the workmanship was faulty and the work could be corrected only by removing the steps and replacing them. There was no evidence in the record to support the portion of the above finding that Pilch was not capable of doing a workmanlike job.

The pivotal issue is whether a finding that a builder breached his construction contract by failing to do a workmanlike job is sufficient to support a remedy under the Consumer Protection Act. We hold that such a finding is

---

[1]This issue is crucial to the appeal, since the damages for breach of contract by appellant were trebled and attorney's fees were awarded.

insufficient in law to warrant application of the Consumer Protection Act.

■ This issue for determination is controlled by *Lightfoot v. MacDonald,* 86 Wn.2d 331, 544 P.2d 88 (1976). In that case our Supreme Court held that the Consumer Protection Act does not encompass private contract disputes between individuals when there is no public interest subject matter involved.

There is no finding in the case at bench that the Hendrixes were influenced to enter into this private contract by any deception, misrepresentation, or failure to disclose material facts. *Testo v. Russ Dunmire Oldsmobile, Inc.,* 16 Wn. App. 39, 554 P.2d 349 (1976). Nor is there any finding which would warrant application of the post–contract deception or bad faith rule as enunciated in *Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 581 P.2d 1349 (1978). To warrant application of the Consumer Protection Act there must be established either a pre–sale or post–sale deceptive act or practice affecting the public interest. *See Salois v. Mutual of Omaha Ins. Co., supra.* The trial court's findings establish nothing more than a breach of a private contract not affecting the public interest. *Lightfoot v. MacDonald, supra.*

■■ Nevertheless, the findings of breach of contract and that the inferior workmanship could not be corrected without "redoing the entire job" are supported by substantial evidence. The proper measure of damages should be the cost of correcting the defective work ($1,296.18) minus the contract price ($895.50) after refunding the $200 sum advanced. Actual damages were thus $600.68. Additionally, however, the trial court may, in its discretion, award general damages for the wrongful use of the lien statute if it is found that the lien is willfully excessive or defamatory. *Puget Sound Plywood, Inc. v. Mester,* 86 Wn.2d 135, 542 P.2d 756 (1975). Furthermore, costs and reasonable attorney's fees are allowable where the lien claimant does not prevail in the action. *Lidral v. Sixth & Battery Corp.,* 47 Wn.2d 831, 290 P.2d 459 (1955).

The case is remanded for a hearing to determine whether general damages should be awarded for wrongful use of the lien statute and to determine the amount of attorney's fees to be awarded the Hendrixes for prevailing on the lien foreclosure action.

Under normal circumstances, the prevailing party on appeal would recover appeal costs. However, until the trial court has made the determinations required by our mandate, it cannot be determined who is the prevailing party. Accordingly, the trial court should make that determination and allow appeal costs to appellant Pilch only if he substantially prevailed on appeal. Otherwise, respondents Hendrix should be awarded both their appeal costs and attorney's fees in the sum of $500. *See Rosellini v. Banchero,* 83 Wn.2d 268, 517 P.2d 955 (1974). Both parties should file statements of their respective costs on appeal pursuant to RAP 14.4.

REED and SOULE, JJ., concur.

Reconsideration denied March 1, 1979.