[No. 7860–7–I. Division One. April 6, 1981.]

PHILLIP R. ULBERG, *Respondent*, v. SEATTLE
BONDED, INC., ET AL, *Appellants*.

*Joseph R. Burns,* for appellants.

*James D. Sawyer,* for respondent.

CALLOW, J.—Seattle Bonded, Inc., appeals from a judgment for $4,816 after being found in violation of the Collection Agency Act (RCW 19.16) and the Consumer Protection Act (RCW 19.86). Seattle Bonded had been retained by Sharon Ulberg to collect past–due child support for the benefit of her son, Phillip.

Ulberg was divorced from her husband in 1973 and awarded custody of Phillip. Her former husband was ordered by the court to pay $200 per month in child support in addition to Phillip's reasonable medical expenses. Between 1973 and 1977 the father became delinquent in his payments, owing $6,500 in back support and about $2,000 in medical expenses. Ulberg's attempt to collect the overdue support through the prosecuting attorney failed because the father had moved to California.

Clark Weems, doing business as Seattle Bonded, Inc., advertised in Seattle–area publications that he could collect unpaid child support anywhere in the country. Ulberg contacted Weems on April 22, 1976, and related to Weems the father's residence, place of employment, and amount of past–due payments. Weems told Ulberg that he was experienced in collecting child support, that he could collect anywhere, and that his standard fee was 50 percent of any amount collected. Weems also declared that all collection costs would be his responsibility and that he would take all necessary steps to effectuate collection. Ulberg was instructed to grant a power of attorney to Weems, and to sign an "Assignment of Back Child Support," which provided in part:

> Any action required to effect settlement is done in the Assignee's name and at his expense unless there is written notice between Assignee and Assignor. Costs, court costs and interest shall be retained by Assignee. The standard fee shall by fifty percent (50%). The fee applies whether [judgment] debtor pays Assignor or Assignee.

Should Assignor wish to cancel this assignment anytime after work has been performed to initiate collection, Assignor does hereby agree to pay Assignee all costs and court costs up to $300.00 for said cancellation.

In attempting collection, a private investigator sharing office space with Weems was paid $880, plus a $500 "bonus," for unspecified and undocumented investigations. A Seattle attorney was paid $317 for unspecified services. Weems employed a California attorney, who charged one–third of any amount collected, to contact the father and demand payment. The California attorney and the father agreed to compromise the child support claim for $3,000, payable in installments. Another Seattle attorney was retained by Weems to explain the compromise to Sharon Ulberg, who signed the agreement. Not one of the attorneys or investigators were hired by. Weems with the prior knowledge or approval of Sharon Ulberg.

The first $2,000 installment was received by Seattle Bonded on October 17, 1977. Ulberg met with Weems on October 24 and was told that, because expenses exceeded the recovery, she would receive nothing from the settlement and in fact owed Seattle Bonded additional money. Ulberg retained independent counsel, canceled her agreement with Weems, and ordered the California attorney to pay the remaining $1,000 directly to herself. This action was commenced by Ulberg to recover the $2,000 retained by Seattle Bonded.

The trial court found that the collection of unpaid child support is a matter of public interest and that persons attempting to collect overdue payments act as a trustee and fiduciary for the benefit of the child. It further found that Seattle Bonded violated the Consumer Protection Act in failing to disclose to Ulberg all facts affecting the child's interest, and employed deceptive practices in the conduct of its business. Seattle Bonded was held to have violated RCW 19.16.250(1) and (18), part of the Collection Agency Act, and to have engaged in the practice of law, prohibited by RCW 19.16.250(5). Ulberg was awarded judgment for

$1,333.34, plus $3,263 as attorney's fees and $220 in court costs.

On appeal, Seattle Bonded challenges the sufficiency of the evidence showing that they engaged in the practice of law, violated the collection and accounting requirements of the Collection Agency Act, and violated the Consumer Protection Act. We affirm the judgment of the trial court on the basis that Seattle Bonded violated the "public interest" component of the Consumer Protection Act, and therefore need not reach Seattle Bonded's objections to the other grounds supporting the judgment.

██ Seattle Bonded's challenge to the sufficiency of the evidence is unmeritorious. Although conflicting evidence was presented, the trial court is charged with determining the credibility of the witnesses. Substantial evidence supports all of the trial court's findings except finding of fact No. 16(F), which found that Ulberg estimated for Weems the father's income in California. This, however, is inconsequential and constitutes harmless error. *Prager's Inc. v. Bullitt Co.*, 1 Wn. App. 575, 463 P.2d 217 (1969).

█ The trial court found in part that Seattle Bonded engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of a business which affects the public interest. The Consumer Protection Act, RCW 19.86, is violated upon proof that: (1) the defendant by unfair or deceptive acts or practices in the conduct of a trade or business has induced the plaintiff to act or refrain from acting; (2) the plaintiff suffers damage brought about by such action or failure to act; and (3) the defendant's deceptive acts or practices have the potential for repetition. *Anhold v. Daniels*, 94 Wn.2d 40, 614 P.2d 184 (1980); *Keyes v. Bollinger*, 27 Wn. App. 755, 621 P.2d 168 (1980). A private party also may recover under the Consumer Protection Act where there is a specific legislative declaration that the public has an interest in the subject matter of the action. *Salois v. Mutual of Omaha Ins. Co.*, 90 Wn.2d 355, 581 P.2d 1349 (1978); *Anhold v.*

766 

 

*Daniels, supra.*

██ Ulberg has established a violation under either test. The misleading advertisements and promises that Seattle Bonded could collect unpaid child support and guarantee its results have the clear potential for repetition. In addition, several statutory methods have been authorized to facilitate the enforcement of child support obligations. RCW 7.33.200, RCW 26.21, RCW 74.20–.20A. The legislature has declared that "[t]he failure of parents to provide adequate financial support and care for their children is a major cause of financial dependency and a contributing cause of social delinquency." RCW 74.20.010. *See also* RCW 74.20A.010. The enforcement of child support obligations is a matter of public interest, and collection agencies can be held liable under the Consumer Protection Act for deceptive acts and practices relating to the collection of past–due child support.

The trial court's award of attorney's fees and costs to Sharon Ulberg is authorized under RCW 19.86.090. The trial court did not abuse its discretion in declining to increase the award as permitted by RCW 19.86.090.

The judgment is affirmed.

DURHAM and CORBETT, JJ., concur.

Reconsideration denied May 5, 1981.