206 N.J. Super. 371 (1986)
502 A.2d 1166
VINCENT R. DIBERNARDO AND VINCENT DIBERNARDO AND LUCY DIBERNARDO, PLAINTIFFS-RESPONDENTS/CROSS-APPELLANTS,
v.
ALBERT J. MOSLEY AND HELEN E. MOSLEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 1985.
Decided January 3, 1986.
*373 Before Judges ANTELL, SHEBELL and MUIR.
Robert E. Bailey argued the cause for appellants (Robert E. Bailey, attorney).
Thomas R. Uliase argued the cause for respondents (Thomas R. Uliase, attorney).
The opinion of the court was delivered by, ANTELL, P.J.A.D.
Defendants appeal and plaintiffs cross-appeal from a judgment for money damages and reasonable attorneys' fees upon a jury verdict for plaintiffs under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. The suit is based upon a claim of fraudulent concealment of a defective septic system within a home sold by defendants to plaintiffs. Although the parties argue issues touching upon the sufficiency *374 of the evidence, instructions to the jury and the amount of the award, we address ourselves solely to the question of whether the Consumer Fraud Act applies to the sale by a homeowner of a one-family home. This issue is raised by the court sua sponte since, in our view, it is so basic to plaintiffs' right of recovery as to implicate plain error. If the jury was permitted to award damages under a statute which the legislature never intended to apply to the facts of the case, such error would unquestionably be "clearly capable of producing an unjust result," requiring correction by us in the interests of justice. R. 2:10-2. See Atlas v. Silvan, 128 N.J. Super. 247, 252-253 (App.Div. 1974). Accordingly, we raised the question at oral argument and directed the filing of supplemental briefs which have now been submitted.
The relevant statute, N.J.S.A. 56:8-2, provides:
The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser. [Emphasis ours]
We particularly observe that the opening language of the enactment manifests the lawmakers' concern with unconscionable "commercial" practices. For violations thereof N.J.S.A. 56:8-19 allows recovery of treble damages, reasonable attorneys' fees, filing fees and reasonable costs of suit.
The sponsor's statement accompanying the original legislation contains the following:
The purpose of this bill is to permit the Attorney General to combat the increasingly widespread practice of defrauding the consumer. The authority conferred will provide effective machinery to investigate and prohibit deceptive *375 and fraudulent advertising and selling practices which have caused extensive damage to the public.
When he signed the original Act Governor Meyner stated that this "legislation gives us new weapons to police against commercial abuses." Office of the Governor, Press Release (June 9, 1960), quoted in 7 Seton Hall Legislative Journal 45-46 (1983).
It has been noted that the judiciary has recognized a need to place reasonable limits upon the operation of the Act "despite broad statutory language, so that its enforcement properly reflects legislative intent, however ascertained." Jones v. Sportelli, 166 N.J. Super. 383, 388 (Law Div. 1979). For example, in Daaleman v. Elizabethtown Gas Co., 77 N.J. 267 (1978), the Supreme Court held that certain allegedly fraudulent billing manipulations by a privately owned public utility was not subject to the Act. It was determined that such activities did not constitute sales within the meaning of the Act and, further, that the subject lay within the exclusive jurisdiction of the Public Utilities Commission.
Closer to the facts here presented is Neveroski v. Blair, 141 N.J. Super. 365 (App.Div. 1976). That case involved a claim by purchasers of a private home that it had been fraudulently misrepresented as free from termites. Although the Act had been amended effective January 17, 1976 to its present form so as to apply to "the sale or advertisement of any merchandise or real estate," prior thereto it applied only to "the sale or advertisement of any merchandise," not including real estate. Since it was the pre-amendment version of the statute which governed, it was held that the Act's remedies were not available against either brokers or sellers of real estate. But the court also observed that "[i]n the absence of a clear expression of intent to include the normal sale of real estate by a homeowner within the compass of the statute, we find that the act, as articulated, does not cover such a sale." Id. at 380. The point was given further emphasis when, in distinguishing the case of Olive v. Graceland Sales Corp., 61 N.J. 182 (1972), the court *376 noted "the significant distinction between the sale of burial plots to the public and the individual sale of a parcel of real estate...." Ibid.
Although these expressions were written after the effective date of the 1976 amendment, there has been no further legislative action "to include the normal sale of real estate by a homeowner within the compass of the statute...." While not conclusive, we regard as a significant omission the failure of the legislature to amend the statute in the face of the foregoing judicial construction. White v. Township of North Bergen, 77 N.J. 538, 555 (1978). It is therefore concluded that the Act was intended as a response only to the public harm resulting from "the deception, misrepresentation and unconscionable practices engaged in by professional sellers seeking mass distribution of many types of consumer goods," Kugler v. Romain, 58 N.J. 522, 536 (1971), and not to the isolated sale of a single family residence by its owner.
Our research discloses that the majority of other appellate courts which have studied the question have reached the same conclusion. Young v. Joyce, 351 A.2d 857 (Del. 1975); Zeeman v. Black, 156 Ga. App. 82, 273 S.E.2d 910 (1980); Allen v. Anderson, 16 Wash. App. 446, 557 P.2d 24 (1976); Lantner v. Carson, 374 Mass. 606, 373 N.E.2d 973 (1978). Contra: Klotz v. Underwood, 563 F. Supp. 335 (E.D.Tenn. 1982). We recognize that the New Jersey Consumer Fraud Act does not articulate the requirement that the offensive practice occur in the course of trade or commerce as explicitly as those considered by the foregoing decisions. Nevertheless, the intent of our legislature is expressed with sufficient clarity as to constitute the foregoing decisions persuasive authority for the result here reached.
Although the jury found in favor of plaintiffs under the Consumer Fraud Act, it found for defendants on plaintiffs' additional claims of fraud and breach of warranty. From our examination of the proceedings below, particularly those attending *377 questions asked by the jury before returning its verdict, we find it highly probable that its findings favorable to defendants on the issues of fraud and breach of warranty were materially influenced by its conceived obligations under the Consumer Fraud Act. We have therefore decided to remand the matter for a new trial limited to the issues of fraud and breach of warranty.
On the retrial the death of defendant Albert J. Mosley should be noted and steps taken for the substitution of his estate as a party defendant.
Reversed and remanded on the main appeal for further proceedings consistent with this opinion. Our determination renders moot the issues presented by the cross-appeal.