[No. 24004-8-I.   Division One.   May 14, 1990.]

SISTERS OF PROVIDENCE, *Appellant,* v. SNOHOMISH
COUNTY, ET AL, *Respondents.*

*Randall L. St. Mary* and *Kafer, Good, St. Mary &
Mitchell,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Carol J.
Weibel, Deputy,* for respondents.

COLEMAN, C.J.—The Sisters of Providence brought an action for refund of property taxes against Snohomish County, Snohomish County Assessor Robert Shaw, and Snohomish County Treasurer Kirke Sievers (Snohomish County). The Sisters of Providence appeal from the trial court's order granting summary judgment in favor of Snohomish County. We affirm.

Sisters of Providence is a Washington nonprofit corporation doing business as Providence Hospital in Everett. On October 28, 1985, the Washington State Department of Revenue issued a determination in which it denied tax exempt status to a portion of appellant's property because it was not used for actual operation of exempt activity. That portion consisted of a laboratory and laboratory parking lot. Upon receipt of the determination from the Department of Revenue, the Snohomish County Assessor, pursuant to RCW 84.36.830 and WAC 458–16 placed appellant's designated nonexempt property on the assessment rolls. The Snohomish County Treasurer is required pursuant to RCW 84.56.050 to collect the taxes placed upon the County's assessment rolls. The amount of property taxes assessed on appellant's laboratory and its parking lot totaled $12,781.33. On April 14, 1986, appellant paid the property taxes under protest.

On June 16, 1987, the Sisters of Providence filed a complaint against Snohomish County, its assessor Robert Shaw, and its treasurer Kirke Sievers, claiming that the laboratory and the laboratory parking lot were tax exempt property under RCW 84.36.040, and that pursuant to RCW 82.03.180 and RCW 84.68.020 they were entitled to a refund of the property taxes which they had paid under protest plus interest, reinstatement of the exempt status of the laboratory and its adjoining parking lot, and reasonable costs and attorney's fees. On January 26, 1989, defendants filed a motion to dismiss and a motion for summary judgment. On March 23, 1989, the trial court granted defendants' motion dismissing appellant's action. The trial court found that (1) the actions of the named defendants, the

Snohomish County Assessor and Treasurer, were lawful in collecting the protested tax, (2) there was no genuine issue as to any material fact, and (3) defendants were entitled to a judgment as a matter of law. This appeal followed.

When reviewing a summary judgment, the appellate court engages in the same inquiry as the trial court. *Hostetler v. Ward,* 41 Wn. App. 343, 346, 704 P.2d 1193 (1985), *review denied,* 106 Wn.2d 1004 (1986). Summary judgment is proper only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). The court must consider all the facts submitted and all reasonable inferences from the facts in the light most favorable to the nonmoving party. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

In a summary judgment motion, the initial burden is on the moving party to show that there is no genuine issue as to a fact which could influence the outcome at trial. *Hartley v. State,* 103 Wn.2d 768, 774, 698 P.2d 77 (1985). Once the moving party has met this burden, however, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *Graves v. P.J. Taggares Co.,* 94 Wn.2d 298, 302, 616 P.2d 1223 (1980). The nonmoving party cannot simply rest upon the allegations of his pleadings; he must affirmatively present the factual evidence upon which he relies. CR 56(e); *Boardman v. Dorsett,* 38 Wn. App. 338, 340, 685 P.2d 615, *review denied,* 103 Wn.2d 1006 (1984).

The general rule in Washington is that all property existing in the state is subject to taxation. RCW 84.36.005. "Taxation is the rule and exemption is the exception." *Budget Rent–A–Car of Washington–Oregon, Inc. v. Department of Rev.,* 81 Wn.2d 171, 174, 500 P.2d 764 (1972). The taxpayer claiming immunity from a tax has the burden of establishing his exemption. *Norton Co. v. Department of Rev.,* 340 U.S. 534, 537, 95 L. Ed. 517, 71 S.

Ct. 377 (1951). RCW 84.36 sets forth those properties which are exempt from taxation. Included within that chapter is real and personal property used by nonprofit hospitals for the sick. RCW 84.36.040.

Appellant contends that as a nonprofit hospital, its laboratory and parking lot are exempt from property tax, and therefore the assessment and collection of taxes on that exempt property is illegal. Appellant contends that the proper method to test the legality of the assessment is to pay the taxes under protest and then bring an action for their recovery under RCW 84.68.020.[1]

The Washington State Department of Revenue has exclusive jurisdiction to grant tax exemptions under RCW 84.36.040.[2] A property owner claiming an exemption must apply annually for the exemption to the Department of Revenue. RCW 84.36.815. Once the Department of Revenue determines whether the exemption shall be granted or denied, it then notifies the county assessor who is required to place property for which an exemption has been denied on the assessment roll for the current year. RCW 84.36.830. The county assessor has no discretion in placing property on the assessment roll once the Department of Revenue

---

[1]RCW 84.68.020 provides in relevant part: "In all cases of the levy of taxes for public revenue which are deemed unlawful or excessive by the person, firm or corporation whose property is taxed, or from whom such tax is demanded or enforced, such person, firm or corporation may pay such tax or any part thereof deemed unlawful, under written protest setting forth all of the grounds upon which such tax is claimed to be unlawful or excessive; and thereupon the person, firm or corporation so paying, or his or its legal representatives or assigns, may bring an action in the superior court or in any federal court of competent jurisdiction against the state, county or municipality by whose officers the same was collected, to recover such tax, or any portion thereof, so paid under protest[.]"

[2]Appellant, citing RCW 84.36.813, contends that the Department of Revenue does not have exclusive jurisdiction over exemption status. We disagree. RCW 84.36.813 specifically states that "[t]he final determination shall be made by the department." Thus, even though RCW 84.36.813 provides that the county assessor has a duty to report a change in exempt status to the Department of Revenue and recommend that exempt status be canceled, contrary to appellant's argument, the Department of Revenue does have exclusive jurisdiction in determining exempt status.

notifies him that an assessment has been denied. RCW 84.36.830. Similarly, the county treasurer has no discretion in collecting the taxes listed upon the tax rolls of the county. RCW 84.56.020.

Here, in support of their motion for dismissal and motion for summary judgment, respondents submitted the affidavit of the present Snohomish County Assessor, Richard McAninch. McAninch stated that appellant's property was placed on the County's assessment roll pursuant to a determination issued by the Department of Revenue on October 28, 1985. In response, appellant failed to present any fact which would indicate that the assessor had not properly performed his duties. Thus, appellant failed to disclose the existence of any genuine issue of material fact. Moreover, in order to properly challenge the determination that portions of appellant's property are no longer tax exempt, it was essential that the Department of Revenue be joined as a party.

Appellant, citing *Byram v. Thurston Cy.*, 141 Wash. 28, 251 P. 103, 252 P. 943 (1926), contends that the Department of Revenue is not an indispensable party in a suit of this nature. We disagree.

In *Byram,* the state equalization committee increased the value of Byram's property by 2 percent. *Byram,* at 30. Byram received no information of the increase in the assessment by the equalization committee until after the committee had adjourned for the year. *Byram,* at 31. Under the applicable statutory law at the time, the existence of the State Board of Equalization was limited to 20 days each year. *Byram,* at 35. Byram paid the taxes under protest and subsequently brought suit to recover that amount, alleging that the taxes were illegally assessed. After a trial before the court, judgment was entered in favor of Byram.

The issue on appeal was whether the trial court erred in holding that Byram "had a right of action against the county upon the alleged wrong in which state officers, if any, were exclusively responsible[.]" Appellant argued that "Thurston [C]ounty, being merely a collecting agency and

thus having done no wrong, cannot be mulcted for damages for the wrong done by the state equalization committee." *Byram,* at 34–35. The *Byram* court affirmed the trial court's decision, stating:

> [Byram] promptly brought their action against the county in which part of the properties lay, to test the validity of the increased valuation made by the equalization committee, against the county which had collected the tax. The members of the state equalization committee could not be brought into the suit, for, as we said in that decision, that board had gone out of existence. Nothing could be required of it. The county, as a legal subdivision of the state, is a complete and effective agency of the state. It is probably the only suable body or corporation in such a case as we have before us.

*Byram,* at 35.

Here, the County is not the only suable body. Unlike in *Byram,* the Department of Revenue is in continuing existence. Moreover, recovery was sought in the instant case on the theory that the property was tax exempt, not that the taxes were illegally assessed as in *Byram.*

Since the Department of Revenue has exclusive jurisdiction to grant tax exemptions and the issue here is whether appellant is entitled to an exemption, the Department of Revenue is an indispensable party in the instant case. Consequently, the judgment of the trial court is affirmed.

SWANSON and WINSOR, JJ., concur.