[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE DATED JULY 19, 1991
This case arises out of a sale of a condominium by the defendants Luis Arata and Laurelle Arata, (Aratas) to the plaintiffs. It is the claim of the plaintiffs that the condominium had certain water related problems that were not disclosed and/or were misrepresented to them by the Aratas.
Before the court is the Aratas' motion to strike the seventh count of the revised complaint. The seventh count alleges that the Aratas knew but failed to disclose that the property had a substantial dangerous leaking condition, that the Aratas intentionally made misrepresentations as to the condition CT Page 7268 of the property and/or recklessly disregarded the truth of their representations, that the Aratas made the misrepresentations to induce the plaintiffs to rely on them, that the plaintiffs did so rely, that as a result of said fraudulent concealment the plaintiffs have been substantially damaged, and that the foregoing conduct constitutes an unfair trade practice within the meaning of Connecticut General Statutes Section 42-110a et seq. The basis of the motion to strike is that the allegations of the seventh count fail to state a claim under the Connecticut Unfair Trade Practices Act. Connecticut General Statutes Section 42-110a
et seq. (CUTPA).
Section 42-110b (a) of CUTPA prohibits "deceptive acts or practices in the conduct of any trade or commerce." The precise issue raised by the motion to strike is whether allegations of a sale of one condominium by private individuals without any allegation relating to trade or commerce is sufficient to bring the sale under the purview of a statute which prohibits certain activities in "the conduct of any trade or commerce."
The court recognizes that a motion to strike admits all facts well pleaded, that the pleading must be construed in a manner most favorable to the pleader and that if the facts provable under the allegations would support the cause of action alleged the motion to strike must be denied. The court also recognizes that CUTPA is a remedial statute and must be construed broadly in an effort to effectuate its public policy goals. See Web Press Services Corporation v. New London Motors, 203 Conn. 343,354, 525 A.2d 57 (1987).
This question raised by the motion to strike has not yet been passed upon by either the Appellate or Supreme Courts. There are several decisions in the Superior Court with the majority of these holding that CUTPA does not apply to the type of transaction which has been alleged here. The court has reviewed all of the cases called to its attention by counsel and agrees with the majority of the cases that CUTPA is not applicable.
This court adopts the reasoning of Judge Pickett in the Bertrum case:
 "Among the factors to be considered in deciding whether any act or practice is unfair for CUTPA purposes is an inquiry into `whether [the act or practice] causes substantial injury to consumers. . . .' See Dow Condon, Inc. v. Anderson, 203 Conn. 475, 483 (1987), quoting FTC v. Sperry Hutchinson, 405 U.S. 233 n. 5 (1972). See CT Page 7269 also Mead v. Burns, 199 Conn. 651, 664- 65 (1986).
 "A private, one-time sale of a single-family residence does not have the `substantial' impact on `consumers' in general and fails to satisfy the test as cited.
 "Further, in the Corna case, the Office of the Attorney General for Connecticut filed an amicus brief in support of the position that such a sale should not support a CUTPA claim. `A CUTPA action may not be maintained against individuals who are not acting in a professional or business context, in the isolated purchase of a personal resident' Amicus' Memorandum p. 13-14. This view is in accord with other states' decisions. See, e.g., Lantner v. Carson, 373 N.E.2d 973 (Mass. 1978) (Mass. MCPA does not apply to personal transactions such as the isolated sale of a home); DiBernardo v. Mosley, 502 A.2d 1166
(N.J.Super. A.D. 1986) (N.J. Consumer Fraud Act does not apply to isolated sale of single family home by owner). But see Gabriel v. O'Hara, 534 A.2d 488 (Pa.Super. 1987) (holding the opposite under Penn. law).
 "Since the statute itself defers to the Office of Attorney General for certain decisions of public protection, Conn. Gen. Stat. 42-110d(d) and 42-110m; the expressed opinion of that agency should be given weight on the issue.
 "In Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172 (1986), the court, in holding that CUTPA does not apply to the sale of securities, found it significant that the Commissioner of Consumer Protection failed to promulgate any regulations regarding the sale of securities as related to CUTPA. See Russell, 200 Conn. at 182. A review of those regulations similarly shows no reference to the sale of private homes as related to CUTPA. See Regulations of Connecticut State Agencies, 42-110-1 through 42-110-28.
 "If CUTPA were to be applied to private, one-time sales between parties, the phrase `in the conduct of any trade or business' thus becomes useless verbiage, replaceable by the phrase `in any sale.' If the legislature had meant CUTPA to apply to any single event, they could have done so more directly."
Bertrum v. Miller, 4 CSCR 244 (1989).
Accordingly, the motion to strike the seventh count is granted.
WILLIAM L. HADDEN, Jr., JUDGE CT Page 7270