[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs ("Jokl") brought this action for breach of contract arising from the purchase of property sold to them by the defendants, John P. and Judylin Watt ("Watt"). The fourth count of the complaint alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), § 42-110b(a), General Statutes, against Watt.
In support of that allegation, Jokl claims that (1) Watt induced them to purchase the property by representing "the material fact that the roof . . . was in good to excellent condition"; (2) that this representation was "false and [Watt] knew or should have known the representation to be false"; (3) that Watt "made the representation to induce [Jokl] to purchase the property"; 4) that "relying on the misrepresentation, [Jokl] purchased the property for $425,000; (5) that Watt's "misrepresentation was unfair and deceptive" in violation of CUTPA: (6) that Watt's "misrepresentation caused substantial injury . . . in that [Jokl] purchased the property at a price in excess of its value"; and (7) that, "as a further result of [Watt's] unfair and deceptive conduct, [Jokl] expended considerable sums of money on roof repair, interior ceiling repair and painting, and roof replacement, all to [Jokl's] detriment."
Watt filed a motion to strike the fourth count on the grounds that "(1) there is no allegation of defendants . . . being engaged in any `trade or commerce'; (2) in order to come within the gambit of CUTPA, the plaintiff must allege wrongful acts with such frequency as to indicate a general business practice; and (3) plaintiffs allege an isolated instance of wrongdoing in connection with the resale of residential real estate, which will CT Page 1287-BB not support a CUTPA claim."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15
(1992).
A trial court's review of a motion to strike "does not include . . . the legal conclusions or opinions stated in the complaint." S.M.S. Textile Mills, lnc. v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796 (1993). "The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems, Inc. v.BOC Group, Inc., supra, 224 Conn. 215. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381 n. 2 (1994).
"A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,supra, 224 Conn. 215. "If facts provable under the allegations would support a defense or a cause of action, a motion to strike must be denied." AK Constructors, Inc. v. Fusco Corp., supra,231 Conn. 384.
The claim that the fourth count fails to alleged that, in making the sale to the plaintiff, Watt was engaged in a trade or commerce is undisputed. The plaintiff relies on the split in authority among trial courts on the issue of whether CUTPA applies to a single residential real estate transaction between private parties, as well as a split concerning the applicability of CUTPA to "a single, private transaction by persons not engaged in the business of making such transactions." (Plaintiffs' Memorandum in Opposition, p. 6.)
The Connecticut Unfair Trade Practices Act, General Statutes, § 42-110(b)(a), has been construed literally to apply to a single transaction the majority of times. However, usually when CUTPA is held to apply to a single transaction, "the defendant is an entity or an individual engaged in a business activity which is at the heart of the complaint and the alleged violation." NewCT Page 1287-CCHorizons Realty, Inc. v. Goodby, Superior Court, Judicial District at Middlesex, Docket No. 68068 (July 25, 1994, Gaffney, J.).
The split in authority is focused on whether CUTPA applies to a single private transaction by one who is not in the business of making such transactions. See, McCarthy v. Fingelly, 6 CSCR 623,624 (July 1, 1991, Katz, J.). Many of the well-reasoned majority decisions seem to be determined by the belief that the statuteshould be applicable to a single transaction. Such a determination, however, requires an apparently unwarranted statutory construction.
In cases such as the present one, CUTPA requires no interpretation to be held inapplicable. See, Skinner v. Till,6 CSCR 511 (April 6, 1991, Teller, J.) (CUTPA does not include a single, solitary sale of a home by a seller not engaged in the trade or business); Oppici v. Arata, 6 CSCR 906 (Aug. 30, 1991, Hadden, J.); Jakab v. Sewell, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 046054 (June 3, 1994, Rush, J.); and Barraco v. Ethel Allen, Inc.,6 Conn. L. Rptr. 176, 176 (Feb. 6, 1992, Leheny, J.).
In Corna v. Polivka, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 332361 (July 29, 1988, O'Connor, J.), the Office of the Attorney General for Connecticut filed an amicus brief in support of the position that a private one-time sale of a single-family residence should not support a CUTPA claim.
The court adopts the reasoning of those courts which have declined to hold CUTPA applicable to a single private transaction by a person not employed in the business of making the transaction in question. "CUTPA was designed to protect unwary consumers dealing with professional businesses or business people in a transaction which is part of that business." Mayer-WhittmanJoint Ventures Inc. v. Gunther International Ltd., 9 CSCR 1212,1213 (Oct. 21, 1994, Lewis, J.).
The fourth count of the plaintiffs' complaint fails to allege, sufficiently, a CUTPA claim upon which relief can be granted and, accordingly, the motion to strike that fourth count is granted.
BY THE COURT: CT Page 1287-DD
LEANDER C. GRAY, JUDGE