[No. 45231. En Banc. August 3, 1978.]

LINDA L. SALOIS, ET AL, *Appellants,* v. MUTUAL OF OMAHA INSURANCE COMPANY, ET AL, *Respondents.*

*McKanna, Herman, Toreson & Dunkley,* by *Lloyd A. Herman* and *Reed, Otterstrom & Giesa, P.S.,* by *John P. Giesa,* for appellants.

*MacGillivray, Jones, Clarke, Schiffner & Johnson,* by *Richard E. Hayes,* for respondents.

*Slade Gorton, Attorney General, John E. Lamp, Senior Assistant,* and *Peter J. Bezek, Assistant,* amici curiae.

BRACHTENBACH, J.—Plaintiffs, husband and wife, sued for amounts allegedly due from defendant Mutual of Omaha Insurance Company under an insurance policy providing hospital and surgical benefits, for mental distress damages and for attorneys' fees and damages under the Consumer Protection Act, RCW 19.86. Defendant counterclaimed for rescission of the policy, alleging misrepresentations in the application therefor.

Plaintiffs were awarded the insurance benefits plus damages for mental distress. However, the trial court denied the recovery of attorneys' fees and damages under the Consumer Protection Act. The only issue on appeal is recovery under the Consumer Protection Act. We reverse.

Plaintiffs purchased the policy involved from defendant's agent. They paid the premium. No special exclusions from coverage were stated. Prior to physical issuance of the policy, plaintiff wife experienced medical problems which led to hospitalization and surgery. When notified of plaintiff's claim, defendant attempted to return the premium and cancel coverage. When plaintiffs refused this action, defendant issued the policy but added an exclusion to eliminate coverage for plaintiff wife's condition.

Our review is limited because only a portion of the clerk's papers were brought up. The record does not include the insurance application, the policy or any record of proceedings. We have gleaned the foregoing facts from the limited record and treat the issue as a matter of statutory interpretation.

The jury rendered a special verdict finding: (1) that plaintiff wife did not make a false and material misrepresentation about her state of health or past medical history; (2) that defendant did not engage in unfair or deceptive practices in effecting the sale of the policy; and (3) that defendant did breach its duty of good faith and fair dealing in refusing to pay plaintiffs' claim for benefits. We are without the benefit of any of the jury instructions upon which the special verdict was based.

Acting upon post–trial motions, the court rendered a memorandum opinion and entered findings and conclusions. The court held that the refusal of defendant to pay policy benefits and its attempt to persuade plaintiffs to settle for less than they were entitled to were unfair and a breach of its duty under the policy. Apparently relying upon *Johnston v. Beneficial Management Corp. of America*, 85 Wn.2d 637, 538 P.2d 510 (1975), the court believed that this post–sale bad faith did not give rise to a Consumer Protection Act remedy.

We conclude that plaintiffs were entitled to damages and reasonable attorneys' fees under RCW 19.86.090 for defendant's violation of RCW 19.86.020.

There are several complex and intertwined theories involved, but our analysis must be bottomed on two principles: (1) the legislature has declared that the Consumer Protection Act is to be "liberally construed that its beneficial purposes may be served" and (2) that the purpose of the act is to complement the body of federal law governing similar acts and practices. RCW 19.86.920.

Before examining our cases interpreting the act, we first review the pertinent provisions of the statute. First, RCW 19.86.020 provides:

> Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

This section is patterned after section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1).

Second, the remedy for violation of RCW 19.86.020 is dictated by RCW 19.86.090:

> Any person who is injured in his business or property by violation of RCW 19.86.020 . . . may bring a civil action in the superior court to enjoin further violations, to recover the actual damages sustained by him, or both, together with the costs of the suit, including a reasonable attorney's fee, and the court may in its discretion, increase the award of damages to an amount not to exceed three times the actual damages sustained: *Provided,* That such increased damage award for violation of RCW 19.86.020 may not exceed one thousand dollars.

Thus our questions are whether defendant's actions were a violation of RCW 19.86.020 and whether plaintiff is entitled to the benefits of RCW 19.86.090.

■ In *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 501 P.2d 290 (1972), we held that what is illegal and against public policy is per se an unfair trade practice within the ambit of RCW 19.86.020. If the defendant's actions in dealing with plaintiff's claim under the insurance policy were illegal and against public policy, then there was a per se violation of .020. The *Reader's Digest* test is twofold: (1) is the action illegal, *i.e.,* is it unlawful; and (2) is it against public policy as declared by the legislature or the judiciary?

Some statutes contain a specific mandate that commission of a prohibited act shall be a violation of the Consumer Protection Act, *e.g.,* RCW 19.16.440 governing collection agencies. There is no such connecting link between the insurance code to which defendant is subject and the Consumer Protection Act.

█ However, RCW 48.01.030[1] is a clear declaration that there is a public interest in the business of insurance and that it is to be conducted in good faith and free from deception.

The jury's special verdict that defendant breached its duty of good faith and fair dealing proves a violation of RCW 48.01.030. Consequently, defendant's actions were unlawful. Likewise, defendant's actions were against public policy in view of the legislature's mandate of a public interest in the business of insurance. It follows, and we conclude, that the defendant's actions were a per se violation of RCW 19.86.020.

Defendant contends that the Consumer Protection Act is applicable only to acts or practices which are designed to induce a potential buyer to purchase goods or services. Thus it argues no post–sale acts or practices are within RCW 19.86. We disagree.

█ The statute is not so limited. RCW 19.86.020 declares unlawful unfair or deceptive acts or practices in the conduct of any *trade or commerce.* The words "trade or commerce" are defined in RCW 19.86.010(2) to include "the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." The fact that the definition of those words state that they shall "include" sales must mean that there is encompassed more than just sales. If the legislature had intended to so limit the act it could have said that it applies only to sales.

---

[1] "The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, and their representatives rests the duty of preserving inviolate the integrity of insurance." RCW 48.01.030.

Not only did it not do so, it went on to include "any commerce directly or indirectly affecting the people of the state of Washington."

Taking the broad scope of RCW 19.86.010 and coupling it with RCW 19.86.020's reference to the *conduct* of any trade or commerce, we cannot conclude that the legislature intended the act to be restricted to acts or practices designed to induce a sale.

The practical effect of such a narrow construction is apparent in this case. The defendant was not unfair or deceptive in the sale of its policy. But what the plaintiffs purchased was not the pieces of paper constituting the policy. They purchased the potential benefits and security of coverage. When defendant should have rendered those benefits, it, according to the special verdict, engaged in acts of bad faith and breached its duty of fair dealing.

The able trial judge recognized that plaintiffs were deprived, in effect, of what they had purchased. He said:

Although it has been established by the jury's verdict that she is entitled to recover under the policy and that Mutual of Omaha was guilty of bad faith in refusing to honor her claim for benefits, the necessity to employ and pay her attorneys has deprived plaintiff of an adequate recovery. Her victory is a pyrrhic one, if a victory at all.

Yet in denying attorneys' fees and exemplary damages, the court felt bound by some of the language in *Johnston v. Beneficial Management Corp. of America, supra.* There is language to the effect that only acts designed to effect a sale are within the Consumer Protection Act. Upon reexamination and review of additional material we find that such a reading of the statute is too narrow and contrary to the policy of the act. Under its facts, *Johnston* is correct in result. First, we pointed out that we were cited no authority that the comparable federal act was not so limited. Second, we held that the 1970 private remedy amendment, RCW 19.86.090, Laws of 1970, 1st Ex. Sess., ch. 26, § 2, did not apply retroactively, which was correct. Third, we held that inaction in not notifying a consumer that a contract might

violate the act did not create a cause of action. To the extent that the opinion seemingly went beyond those narrow holdings, based upon the facts of that case, it is so modified.

Next we must consider *Lightfoot v. MacDonald,* 86 Wn.2d 331, 544 P.2d 88 (1976). There we held that the Consumer Protection Act does not encompass contract disputes between individuals when there is no public interest subject matter involved. There are two sentences in the *Lightfoot* opinion which apparently are being misinterpreted. We said at page 334:

> It·follows that an act or practice of which a private individual may complain must be one which also would be vulnerable to a complaint by the Attorney General under the act. A breach of a private contract affecting no one but the parties to the contract, whether that breach be negligent or intentional, is not an act or practice affecting the public interest.

Implicit in that statement is the reverse, *i.e.,* if private contracts affect the public interest then the private remedy provided in RCW 19.86.090 becomes viable.

Thus *Lightfoot* is correct on its facts in that there was a failure to show that the private dispute affected· the public interest or was within the sphere of trade or commerce as required by the statute.

█ In contrast, in this case we have a business which has been declared by the legislature to be one affected by the public interest, RCW 48.01.030. It is an industry extensively regulated and is supervised by an elected public official.

Thus, all the requisites of RCW 19.86 are met. The defendant is engaged in trade and commerce in a business legislatively declared to be affected by the public interest. It has committed acts which, by the special verdict, have been found to be unfair. Since we have concluded that post–sale activities are subject to the act, the plaintiffs are entitled to invoke the remedies of RCW 19.86.090.

362

The cause is remanded to the Superior Court for the determination of the appropriate awards to be made under that statute.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.