[No. 8224–8–I.  Division One.  April 9, 1981.]

CLYDE PRUITT, *Appellant,* v. ALASKA PACIFIC ASSURANCE COMPANY, *Respondent.*

*Rovai, McGoffin & Turner* and *Robert W. Denomy,* for appellant.

*Edward Winskill,* for respondent.

SWANSON, J.—Clyde Pruitt had an insurance policy with respondent, Alaska Pacific Assurance Company, to cover collision damage to a 1972 Ford pickup truck. While the truck was parked on June 10, 1977, another vehicle drove through a retaining wall and damaged the truck. Lakes Auto Body Shop estimated damage at $2,235.14. Mr. Pruitt filed a claim with respondent. Respondent's adjuster, Mr. Klinefelter, estimated the damage at $1,279.50. Based on his inspection of the truck and his experience, he felt there was old damage to the hood and front end of the truck, which he excluded. The parties failed to agree on the adjustment of the loss. In October of 1977, Mr. Pruitt had all damage to the truck repaired at a total cost of $2,157.79. In December 1978, he sued respondent. Prior to trial, respondent made various settlement offers because of the expenses associated with litigation. The parties still could not reach a settlement.

The trial judge found a bona fide dispute and good faith negotiations to settle the claim. Excluding repairs of old damage to the front and adjusting the cost to repair the hood, the judge awarded Mr. Pruitt $1,850 in damages. Mr. Pruitt appealed this damage award, alleging it was an arbitrary amount not supported by the evidence. He also

alleged that the respondent insurer violated both its statutory duty to exercise good faith (RCW 48.01.030) and the Consumer Protection Act (RCW 19.86.010 *et seq.*), contrary to the findings of the trial judge.

▮ The dispute over the amount of damage is factual. Mr. Pruitt testified there was no old damage to the hood and front end. Larry Nixon, an experienced auto body worker who had frequently seen the truck, testified he had no knowledge of prior damage. The insurance adjuster testified there was old damage. From the insurance adjuster's testimony, there was substantial evidence that the hood could have been repaired instead of replaced and that there was old damage to the front end. The trier of fact has the discretion to find one witness' testimony credible while disregarding the testimony of another. *Seattle–First Nat'l Bank v. Brommers,* 89 Wn.2d 190, 198–99, 570 P.2d 1035 (1977). Thus, the trial judge's findings on damage are supported by substantial evidence and will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

▮ Mr. Pruitt also disputes the trial court's finding that the respondent insurance company acted in good faith. An insurance company must act in good faith in dealing with its insureds. RCW 48.01.030; *Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 359, 581 P.2d 1349 (1978); *Tyler v. Grange Ins. Ass'n,* 3 Wn. App. 167, 473 P.2d 193 (1970). An insurance company's wrongful refusal to pay a claim breaches its duty to deal in good faith. *Levy v. North Am. Co. for Life & Health Ins.,* 90 Wn.2d 846, 586 P.2d 845 (1978); *Salois v. Mutual of Omaha Ins. Co., supra.* Under the facts of the present case, however, Alaska Pacific acted in good faith to settle a claim. There was a bona fide dispute over the existence and extent of old damage. Following the estimate by its experienced adjuster, Alaska Pacific tried to settle the claim. The adjuster doggedly held to his original evaluation that there was old damage to the front and hood of the truck. Alaska Pacific increased its offers to settle only to avoid the expenses of litigation. It acted fairly

and faithfully in performing its contract with Mr. Pruitt. While it might have been preferable to seek the opinion of a second adjuster in light of the dispute, Alaska Pacific's total reliance on the single estimate of its experienced adjuster, Mr. Klinefelter, was reasonable and did not constitute bad faith. Because Alaska Pacific acted in good faith, it violated neither its statutory duty to deal fairly with its insured (Mr. Pruitt) under RCW 48.01.030 nor the Consumer Protection Act.

The judgment is affirmed.

ANDERSEN and DURHAM, JJ., concur.