[No. 4309-6-III.   Division Three.   March 30, 1982.]

JOHN E. MILLER, *Respondent,* v. INDIANA INSURANCE COMPANIES, *Appellant,* RICHARD B. HOPP, ET AL, *Respondents.*

*Stephen C. Haskell* and *MacGillivray & Jones,* for appellant.

*Bruce R. Boyden* and *Parry & Esposito,* for respondent Miller.

*Robert J. Crotty* and *Lukins, Annis, Shine, McKay, Van Marter & Rein,* for respondents Hopp, et al.

MUNSON, J.—Indiana Insurance Companies appeals a summary judgment holding that Indiana's policy of insurance covered losses sustained by Miller, that Indiana had breached the Consumer Protection Act, and that Indiana must pay attorneys' fees to Miller and to Interstate Insurance Adjusters. We affirm on coverage, but reverse as to the Consumer Protection Act. The case is remanded to determine any remaining issues and all parties will pay their own attorneys' fees.

There is no material dispute as to the facts. Miller operates a business known as Hudson Bay Leather Processors which does cleaning and other work on leather goods consigned from various cleaning establishments in Eastern Washington and Idaho. In the course of his business, Miller drove a van[1] filled with consigned leather goods to Idaho

---

[1]The policy specified certain requirements concerning the van:

"5. Warranted by the insured that the vehicle in which the insured property is carried is equipped with an entirely closed body of good construction and equipped with suitable locks and the company shall be liable in case of loss by theft as hereinbefore provided only while the property insured is contained in such vehicle and only when the body is securely locked and there is visible evi-

and left the van in a designated parking space in his motel lot overnight. During the night the van was broken into and 34 leather goods taken. Miller sought coverage from Indiana pursuant to a policy which provided in pertinent part:

1. This policy covers on all kinds of lawful goods . . . which are the property of insured's customers, against direct loss or damage caused by the perils specifically insured against, while contained in the premises occupied by the insured situated at N. 710–12 Monroe St., Spokane, WA and while being transported to and from its customers.

. . .

3. THIS POLICY INSURES AGAINST:

. . .

D. Theft, Burglary, and Holdup, except as hereinafter excluded; . . .

4. THIS POLICY DOES NOT INSURE AGAINST:

. . .

E. Theft of goods left on delivery vehicles overnight unless locked in insured's private garage or building occupied by insured.

. . .

6. . . . Notwithstanding anything contained herein to the contrary, it is a condition hereof that the liability of this company shall be limited to not exceeding [$]5,000. while in transit and not exceeding [$]18,000. by any one disaster at any one time while otherwise in the custody of the insured in their own premises.

Indiana retained Interstate to investigate; Miller alleges Interstate told him to go ahead and settle with his customers. Miller settled with 26 customers in the amount of $3,489.32. However, Indiana denied Miller's claim on December 8, 1978, resulting in Miller's suit against Indiana and Interstate. Interstate cross–claimed against Indiana for the costs and expenses of defending the action. All parties sought summary judgment. The court granted summary judgment to Miller against Indiana, found the Consumer Protection Act breached by Indiana and awarded attorney's

---

dence of the vehicle having been forcibly broken into or if the entire vehicle be stolen or driven away."

fees to Interstate. This appeal ensued.

The threshold issue is whether the above quoted policy provides coverage for Miller's loss. We find coverage. An insurance policy must be interpreted by the plain meaning of its language. *Farmers Home Mut. Ins. Co. v. Insurance Co. of N. Am.,* 20 Wn. App. 815, 583 P.2d 644 (1978), *cert. denied,* 442 U.S. 942, 61 L. Ed. 2d 312, 99 S. Ct. 2885 (1979). The policy should be read as a whole and any ambiguities resolved in favor of the insured. *Morgan v. Prudential Ins. Co. of Am.,* 86 Wn.2d 432, 545 P.2d 1193 (1976); *Dairyland Ins. Co. v. Ward,* 83 Wn.2d 353, 517 P.2d 966 (1974). However, the court may not construe a contract to create an ambiguity; if the meaning of the policy is clear, the language must be followed. *Milliron v. United Benefit Life Ins. Co.,* 18 Wn. App. 68, 566 P.2d 582 (1977).

The policy specifically covers goods being transported to and from Miller's customers. The reasonable interpretation is that while the goods were in transit, the van would occasionally be parked elsewhere than Miller's business establishment. Exclusions from coverage are disfavored in the law and will be strictly construed in favor of the insured. *Riordan v. Commercial Travelers Mut. Ins. Co.,* 11 Wn. App. 707, 525 P.2d 804 (1974). Thus, this exclusion must be deemed intended to apply only to goods held in trucks overnight while in the home city where Miller's business is located. While on his interstate delivery route, Miller could not be expected to return to his "private garage or building." To hold otherwise would be inconsistent with coverage for goods "in transit". *See* Annot., *Construction of Terms "in Transit," "Transportation" and the Like, Within Coverage or Exclusion Clauses of Insurance Policy,* 80 A.L.R.2d 445 (1961). The exclusion of goods not locked in a garage overnight is not specifically applicable to goods in transit and therefore will not be enforced.

We do not believe Indiana acted with bad faith in a manner sufficient to invoke the Consumer Protection Act pursuant to *Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 581 P.2d 1349 (1978). The insurance company had to

act in a way that was both unlawful and contrary to public policy. The trial court's determination on summary judgment was based on bad faith, which is unlawful pursuant to RCW 48.01.030. The court found bad faith as a matter of law, simply because Indiana denied coverage.

Bad faith requires a showing of a frivolous and unfounded denial of benefits. *See, e.g., Dorsey v. State Mut. Life Assurance Co.,* 238 F. Supp. 391 (N.D. Ga. 1964); *see also* 3 J. Appleman, *Insurance* § 1612 (1967). Indiana denied coverage based on a reasonable interpretation of the policy; this was not bad faith as a matter of law. Therefore, summary judgment was improper; facts may be adduced at trial which tend to show bad faith, but the mere denial of benefits due to a debatable question of coverage is insufficient.

Finally, Interstate asks for attorney's fees based on a common law indemnity theory, pursuant to *Manning v. Loidhamer,* 13 Wn. App. 766, 538 P.2d 136 (1975). One element of this common law theory is that the party seeking attorney's fees not have been connected with the original transaction which gave rise to the claim. However, Interstate was connected with the original transaction. It acted as Indiana's agent and, from the facts presented to this court, may have been partially responsible for the problems which ultimately arose. We believe this degree of connection is sufficient to deny attorney's fees.

Since both parties have prevailed in part on appeal, each will pay its own costs. Summary judgment is affirmed as to the coverage issue and reversed as to violations of the Consumer Protection Act. Interstate's judgment for attorney's fees is reversed; all parties are to pay their own attorney's fees. The case is remanded for trial of any remaining issues, consistent with this opinion.

McINTURFF, C.J., and GREEN, J., concur.