[No. 48475-9. En Banc. May 17, 1984.]

VIRGINIA SATO, ET AL, *Appellants,* v. CENTURY 21 OCEAN SHORES REAL ESTATE, ET AL, *Respondents.*

*Charles A. Kimbrough* and *Philip A. Talmadge* (of *Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S.*), for appellants.

*Valdez & Sage, Michael A. Valdez,* and *C. Scott Sage,* for respondents.

BRACHTENBACH, J.—This is a Consumer Protection Act case. Plaintiffs sought recovery of damages arising out of a real estate transaction. Plaintiffs and their friends, a second couple, went to Ocean Shores together to look at real estate. A salesperson for defendant, Century 21 Ocean Shores Real Estate (hereinafter Century 21), showed the two couples a number of lots in the area. Both couples' interest focused on two lots located on the same block of an undeveloped subdivision, each lot marked by Century 21 "For Sale" signs. The lots were not adjacent lots. The defendants' salesperson prepared earnest money agreements for both the plaintiffs and the second couple, which each couple signed. The sales closed and subsequently the plaintiffs began clearing the lot they believed they had bought preparatory to building. They then discovered they had, in fact, purchased the adjacent lot and the lot they thought they had bought was actually owned by a third party. The second couple had no problems with the lot they purchased.

During the course of a jury trial, plaintiffs took a nonsuit as to all their theories of liability except the Consumer Protection Act claim, RCW 19.86. At the end of plaintiffs' case, defendants' motion to dismiss was granted on the basis of the legal insufficiency of the evidence. We affirm.

This court has recognized that not every allegedly unfair or deceptive act in the conduct of trade or commerce gives rise to a private cause of action under the Consumer Protection Act. For conduct to be actionable under the act, it must either be a per se unfair trade practice (*Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 581 P.2d 1349 (1978)) or it must have an impact upon the public interest. *Anhold v. Daniels,* 94 Wn.2d 40, 45, 614 P.2d 184 (1980). Conduct is a per se unfair trade practice if it is both unlawful and against public policy as declared by the Legislature or the judiciary. *Salois,* 90 Wn.2d at 358. Conduct has an impact upon the public interest if:

> (1) the defendant by unfair or deceptive acts or practices in the conduct of trade or commerce has induced the plaintiff to act or refrain from acting; (2) the plaintiff suffers damage brought about by such action or failure to act; and (3) the defendant's deceptive acts or practices have the potential for repetition.

*Anhold,* at 46.

Initially, the plaintiffs argue that the defendants' conduct constitutes a per se violation of the Consumer Protection Act. Plaintiffs rely upon an alleged violation of the real estate brokers and salesmen statute to establish a per se claim. Specifically, they cite RCW 18.85.230(4), (5), (25) and (26) as the sections of the brokers statute violated by the defendant.

██ ██ There are two reasons why this argument fails. First, not every violation of a statute results in a per se consumer protection action. We recently held:

> The rule is this: unless there is a "specific legislative declaration" of a public interest, the public interest requirement of RCW 19.86.090 is not per se satisfied even though in engaging in an unfair or deceptive act or practice in the conduct of trade or commerce (RCW

19.86.020) the defendant violates a statute. Where the specific public interest has not been declared legislatively, it must be established by proving each of the three parts of the public interest test announced in *Anhold* [94 Wn.2d 40, 614 P.2d 184 (1980)] and previously set forth in this opinion.

*Haner v. Quincy Farm Chems., Inc.,* 97 Wn.2d 753, 762, 649 P.2d 828 (1982). Such a legislative declaration is not present in RCW 18.85. *Compare* RCW 18.85.010 *et seq. with* RCW 48.01.030. In fact, enforcement of RCW 18.85 is placed in the director of licensing, the Attorney General and prosecuting attorney, RCW 18.85.343, .345, .350. Those persons serve the public policy by their enforcement powers.

Second, plaintiffs failed to present any evidence at trial as to methods, practices, conduct or intentions of the broker. The record is silent as to how or why this mistake occurred. While it is true that in *Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 358, 581 P.2d 1349 (1978) we said that public policy could be declared by the Legislature or judiciary, we discern no compelling reasons for us to establish a public policy prohibiting the practice in this isolated transaction. Even if the statute were applicable there is no proof in the record that would bring the defendants within its terms.

Alternatively, plaintiffs argue that the defendant's conduct has an impact on the public interest under *Anhold v. Daniels,* 94 Wn.2d 40, 45, 614 P.2d 184 (1980).

Again, their proof is deficient. Not having presented a single piece of evidence as to how this mistake occurred, we are unable to determine anything about the defendants' conduct and whether it impacts the public interest. All the record discloses is that the Century 21 "For Sale" sign was located "approximately" at the center lot line of the adjacent lots and that the petitioners thought the legal description of the land applied to one lot and not the other. Whether this is a deceptive practice or simply an inadvertent isolated mistake, we do not know. Additionally, there

is no showing, apart from pure speculation that there is any potential for repetition. In fact, the plaintiff's friends had absolutely no trouble with their purchase implying the plaintiffs' problems were based upon a simple misunderstanding.[1]

The trial court correctly concluded:

> And I don't think that this case meets the test. I don't think the evidence establishes other than that the salesman made a mistake. I don't think there's any evidence that this was a continuing practice, that he intentionally misrepresented anything, or that this is the type of thing that the Attorney General would take any interest in as believing that this would in some way affect the public interest in general.

Verbatim Report of Proceedings, at 197.

■ The defendants also cross–appealed, claiming attorney's fees under RCW 19.86.090. To quote the statute is to answer the defendants' contention. The statute reads in pertinent part:

> Any person who is injured in his business or property by a violation of RCW 19.86.020 . . . may bring a civil action . . . to recover the actual damages sustained by him . . . together with the costs of the suit, including a reasonable attorney's fee . . .

RCW 19.86.090. The statute is clear—only the claimant is authorized to recover attorney's fees. Any illogic or unfairness must be dealt with by the Legislature, not by this court inserting language which is not contained in the statute.

The trial court is affirmed.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.

Reconsideration denied July 11, 1984.

---

[1]We note that when the plaintiffs learned of the mistake, they made no effort to contact Century 21 and attempt to resolve their problem but instead resorted to legal action, not contacting Century 21 until months after the initial discovery.