[No. 14989-7-III.    Division Three.    March 4, 1997.]

JODY LUND, *Appellant*, v. GRANT COUNTY PUBLIC HOSPITAL DISTRICT NO. 2, *Respondent*.

224

*Harry E. Ries* and *Dano Miller Ries,* for appellant.
*William R. Hickman* and *Reed McClure,* for respondent.

THOMPSON, J. — Jody Lund appeals the superior court's dismissal of her wrongful employment termination claim against Grant County Public Hospital District No. 2, d/b/a Quincy Valley Hospital. She contends the court erred in concluding there was no genuine dispute that the hospital had just cause for her dismissal. We agree and reverse the dismissal.

Ms. Lund worked as a nurse at Quincy Valley Hospital. On June 28, 1992, Deborah Harwood brought her son to the hospital, suspecting he had broken one or both of his arms. After Dr. Edward Nash examined and treated the boy, Ms. Lund told Ms. Harwood the doctor had concluded the boy had broken one arm and sprained the other.

Ms. Lund then took Ms. Harwood aside and asked to speak privately, explaining that what she was doing was improper, and she could get into trouble. Ms. Lund said she and the x-ray technician believed the boy had broken *both* arms; Ms. Lund said if it were her son, she would get copies of the x-rays and consult another doctor. Ms. Har-

wood left the hospital with copies of the x-rays, but did not act on Ms. Lund's recommendation.

The next day, Ms. Harwood (who worked in the hospital's kitchen) told her supervisor about the incident. Within an hour, Loc Ohl, the hospital's administrative director, questioned Ms. Harwood; within the next day or two, Ms. Harwood also spoke by telephone to Kim Bird, the hospital administrator. Ms. Harwood told both administrators what Ms. Lund had done and said. According to a memo from Ms. Ohl, the incident angered Dr. Nash, who stated Ms. Lund was "unsafe and dangereous [sic]" and demanded her dismissal.

On the other hand, Cindi Rang, who as director of nursing services normally handled discipline of nurses, treated the incident as "no big deal" and left for vacation believing Ms. Lund should be given a verbal warning and would not be terminated. According to Ms. Rang, the type of advice Ms. Lund gave "frequently occurred in our rural setting. To my knowledge no one had ever been disciplined for this before." She also was unaware of anyone being disciplined for allowing a patient to have copies of x-rays. In Ms. Rang's opinion, the "Harwood incident" did not constitute just cause for Ms. Lund's termination.

In Ms. Rang's absence, Mr. Bird fired Ms. Lund on the following grounds:

1. Violated Hospital/C.C. Policies and Procedures (Personnel Policy and Procedure Manual page 38, violation No. 10, 11 and 12[1])

2. Violated state RCW . . .

3. The cause of internal problems and conflicts in the nursing department

---

[1]This ground apparently refers to a section of the employee manual entitled **"JUST CAUSE,"** listing infractions that "would ordinarily constitute just cause for discipline and/or discharge." Items 10, 11, and 12 state:

"10. Willful destruction of an employee's or hospital and work rules.

"11. Willful disregard for hospital/C.C. policies, procedures and work rules.

"12. Inability or unwillingness to perform at the necessary professional level."

4. Ms. Lund's unprofessional behavior could cause potential liability to the hospital

5. Breach of confidentiality

Mr. Bird later stated Ms. Lund had violated the hospital's Responsible Intervention Policy, under which nurses who were concerned about the quality of a physician's care were required to articulate their concerns through the hospital's administrative hierarchy. The dismissal was affirmed by the hospital's board of directors.

Ms. Lund's complaint alleged breach of contract, negligence, wrongful discharge in violation of public policy, and violation of RCW 49.36.010 (recognizing the legal rights of labor unions). She later stipulated to dismissal of all but the breach of contract claims. The hospital moved for summary judgment, contending that (1) Ms. Lund was an "at-will" employee, and (2) even if she were not an "at-will" employee, the hospital had just cause for her termination.

The superior court concluded there was at least a factual question whether Ms. Lund was an "at-will" employee, and for the purpose of ruling on the summary judgment motion the court assumed just cause was required for Ms. Lund's termination. The court then concluded there was no genuine issue as to whether the hospital administrators reasonably believed, based on substantial evidence, that Ms. Lund had violated the Responsible Intervention Policy, and dismissed her claim. Ms. Lund has appealed that order.

On review of a summary judgment order, our inquiry is the same as the superior court's. *Ruff v. County of King*, 125 Wn.2d 697, 703, 887 P.2d 886 (1995). Summary judgment is appropriate if the record reveals "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). A fact is material if it affects the outcome of the litigation. *Ruff*, 125 Wn.2d at 703 (citing *Barrie v. Hosts of Am., Inc.*, 94 Wn.2d 640, 642, 618 P.2d 96 (1980); *Brae-*

*gelmann v. County of Snohomish*, 53 Wn. App. 381, 383, 766 P.2d 1137, *review denied*, 112 Wn.2d 1020 (1989)).

The burden is on the moving party to establish its right to judgment as a matter of law, and facts and reasonable inferences from the facts are considered in favor of the nonmoving party. *Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 452, 842 P.2d 956 (1993). The moving party may meet this burden by demonstrating there is no evidence to support the nonmoving party's case. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). The burden then shifts to the nonmoving party to set forth facts demonstrating there is a genuine issue. *Baldwin v. Sisters of Providence in Wash., Inc.*, 112 Wn.2d 127, 132, 769 P.2d 298 (1989).

█ In the absence of a written contract, an employment relationship in Washington generally is terminable at will. *Roberts v. Atlantic Richfield Co.*, 88 Wn.2d 887, 891, 568 P.2d 764 (1977). However, an employee handbook may establish a contractual obligation on the part of the employer to dismiss an employee only for just cause. *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 228-30, 685 P.2d 1081 (1984). In this case, the superior court assumed, as do we,[2] that the hospital's employee handbook established such a contractual obligation.

█ █ In a wrongful termination case, whether an employer properly determined it had just cause for termination is a question for the trier of fact. *See Baldwin*, 112 Wn.2d at 136-39; *Havens v. C&D Plastics, Inc.*,

---

[2]The hospital argues vigorously on appeal that Ms. Lund was an "at-will" employee. However, even if we were to treat the superior court's assumption as a denial of summary judgment on that issue, it is not a final order subject to appeal as a matter of right pursuant to RAP 2.2. *See Glass v. Stahl Specialty Co.*, 97 Wn.2d 880, 883, 652 P.2d 948 (1982). The hospital has not sought discretionary review on this question, and we therefore will not address this contention. For this reason, we find it unnecessary to discuss *White v. State*, 131 Wn.2d 1, 18-20, 929 P.2d 396 (1997), which refused to recognize a tort of "wrongful transfer" and reiterated the court's refusal in *Thompson* to adopt a "good faith" exception to the employment-at-will rule. The *White* decision did not address the factual question raised here, which is when an employer has "just cause" to terminate employment.

124 Wn.2d 158, 165-68, 876 P.2d 435 (1994). The Supreme Court has approved the following definition of just cause:·

> "[J]ust cause" is a fair and honest cause or reason, regulated by good faith on the part of the party exercising the power. . . . [A] discharge for "just cause" is one which is not for any arbitrary, capricious, or illegal reason and which is based on facts (1) supported by substantial evidence and (2) reasonably believed by the employer to be true.

*Baldwin*, 112 Wn.2d at 139; *see Havens*, 124 Wn.2d at 166. This definition, "which checks the subjective good faith of the employer with an objective reasonable belief standard[,] strikes a balance between the employer's interest in making needed personnel decisions and the employee's interest in continued employment." *Baldwin*, 112 Wn.2d at 139.

Relying primarily on *Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn.2d 426, 815 P.2d 1362 (1991), the hospital focuses on whether its administrators had substantial evidence from which they could reasonably conclude in good faith that Ms. Lund violated the Responsible Intervention Policy. In *Gaglidari*, the employer discharged the plaintiff for fighting, an allegation she denied and contested at trial. *Id.* at 438. The Supreme Court remanded for additional fact-finding:

> [W]e hold plaintiff's immediate dismissal was justified only if, prior to dismissing plaintiff, defendant reached the good faith and reasonable conclusion plaintiff was fighting on company premises and that conclusion was supported by substantial evidence.
>
> . . . [W]hether plaintiff was actually fighting is irrelevant to this action; rather, the issue is whether at the time plaintiff was dismissed defendant reasonably, in good faith, and based on substantial evidence believed plaintiff had done so.

*Id.*

The hospital points out that, based on Ms. Harwood's statements, its administrators reasonably concluded Ms.

Lund had willfully violated the Responsible Intervention Policy. Indeed, Ms. Lund does not contend such a conclusion would have been unreasonable. However, this focus on the evidentiary basis of the employer's decision misconstrues the *Baldwin* definition of just cause, which requires also that the employer's actions be regulated by good faith and the discharge not be "for any arbitrary, capricious, or illegal reason." *Baldwin*, 112 Wn.2d at 139; *see Wlasiuk v. Whirlpool Corp.*, 81 Wn. App. 163, 178-79, 914 P.2d 102 (1996).

The hospital's interpretation of *Gaglidari*, suggesting the sole focus of the inquiry is on the evidentiary basis of the employer's decision, would defer to the employer on the question of the legitimacy of the *reason* for the discharge, and would dramatically upset the balance between the employer's and employee's interests. *See Wlasiuk*, 81 Wn. App. at 178. The *Baldwin* definition requires that, in addition to having an evidentiary basis for its discharge, the employer must have a reason for the discharge that is not unlawful, arbitrary, or capricious. This is a question for the trier of fact, *Baldwin*, 112 Wn.2d at 136-39, unless there is no genuine dispute under CR 56(c).

Ms. Lund has presented evidence establishing at least a genuine issue as to whether the hospital's reason for the discharge was arbitrary. Ms. Rang stated unequivocally that conduct like Ms. Lund's was common at the hospital and she was unaware of anyone being disciplined for it in the past.[3] A reasonable inference from this evidence is that the hospital arbitrarily enforced its Responsible Intervention Policy in Ms. Lund's case, and is sufficient to avoid summary judgment on this factual question.

The superior court erred in concluding there was no

---

[3]The hospital argues Ms. Rang's opinion that Ms. Lund's violation did not constitute just cause is irrelevant, because Ms. Rang was not the decision-maker. Even if the opinion is disregarded, however, Ms. Rang's factual statements regarding the enforcement history of the hospital's Responsible Intervention Policy is directly relevant to the question whether the hospital's stated reason for the discharge was arbitrary.

genuine issue on the question of just cause, and its order of dismissal is reversed.

SWEENEY, C.J., and BROWN, J., concur.