[No. 15820-9-III.   Division Three.   November 20, 1997.]

FARMERS INS. CO. OF WASHINGTON, *Respondent*, v. MICHAEL ROMAS, ET AL., *Defendants*, ROSIE PARADISO, *Appellant*.

*Terry L. Deglow* of *Deglow Law Firm*, for appellant.
*Diehl R. Rettig* of *Raekes, Rettig, Osborne, Forgette & O'Donnell*, for respondent.

KURTZ, J. — The trial court found that Farmers Insurance Company had no duty to defend the Jeff Paradiso Estate against claims brought by its named insured that Mr. Paradiso was the driver at the time of the accident. The Estate brought a wrongful death action against Michael Romas as the named insured claiming that he was driving at the time of the accident. Farmers filed an interpleader action; deposited the full liability limits with the registry of the court; and obtained a release from its named insured, Mr. Romas, stating that Farmers had no duty to defend him in any further litigation regarding who was driving and who was the proper recipient of the funds. The Paradiso Estate contends Farmers had a duty to defend the allegations that Mr. Paradiso was the driver causing personal injuries to Mr. Romas. The trial court granted summary judgment to Farmers finding there was no duty to defend and Farmers did not act in bad faith in denying a duty to the Paradiso Estate. The Estate appeals.

## FACTS

On April 25, 1992, Michael Romas and Jeff Paradiso were occupants in a vehicle involved in a one-car rollover accident. Both occupants were ejected from the vehicle. Mr. Paradiso was killed and Mr. Romas sustained personal injuries. The Washington State Patrol investigated the accident and determined that Mr. Romas was driving when the accident occurred. He was charged with vehicular homicide and the case went to a jury. The jury acquitted Mr.

Romas because it could not find beyond a reasonable doubt that he was the driver. Evidence had been presented that Mr. Paradiso was the driver.

At the time of the accident, the vehicle was owned by Mr. Romas and insured by Farmers with liability limits of $25,000 per person. The language of the insurance policy provides that any person using Mr. Romas's car would be an insured person under the policy. The language further provides that Farmers would defend any claim seeking damages for bodily injuries against an insured person. The policy also states that Farmers "will not defend any suit or make additional payments after we have paid the limit of liability for the coverage."

On July 27, 1994, Farmers filed a complaint for interpleader on the grounds that Mr. Romas and the Paradiso Estate are both claiming that the other party was the driver at the time of the accident. Each is claiming entitlement to the $25,000 liability policy proceeds. With the filing of the interpleader complaint, Farmers deposited the $25,000 policy limits to the clerk of the court to be tendered upon a determination of the proper recipient. The complaint prays for declaratory relief asking the court to find that because Farmers deposited the funds with the court it has fulfilled its duty to defend either Mr. Romas as the named insured and/or the Paradiso Estate as the permissive insured.

Mr. Romas filed an answer to the interpleader complaint admitting there is a dispute about who was driving at the time of the accident. He further asserted a claim against the Paradiso Estate alleging that Mr. Paradiso was the driver and Mr. Romas was entitled to the $25,000 liability policy limits for personal injuries he sustained.

On February 6, 1995, Farmers procured a release from Mr. Romas as the named insured. The release provided that in consideration of Farmers tendering the liability limits with the court, Mr. Romas released Farmers from any further obligation to defend him in any lawsuit litigating the issue as to the proper recipient of the proceeds.

On April 24, 1995, the Paradiso Estate filed a complaint naming both Mr. Romas and Farmers as defendants. The Estate filed a wrongful death action against Mr. Romas alleging he was the driver at the time of the accident. The Estate also filed a bad faith claim against Farmers for breaching its contractual duty to defend against the claims brought by Mr. Romas. By way of answer to the complaint, Farmers admits that in the event Mr. Paradiso was driving Mr. Romas's vehicle with permission, the Paradiso Estate would be an "insured" by definition.

On December 6, 1995, the trial court consolidated the interpleader action with the action started by the Paradiso Estate. Mr. Romas never started an independent lawsuit but rather asserted his claims against the Paradiso Estate within the interpleader action. All claims and parties regarding the rollover accident were now before the court in a single cause of action.

On April 19, 1996, the trial court granted Farmers' motion for summary judgment against the claims brought by the Paradiso Estate. The court found (1) the Paradiso Estate cannot allege bad faith against Farmers; (2) Farmers has no duty to defend the Paradiso Estate; and (3) there is no contract between Farmers and the Paradiso Estate. The Paradiso Estate appeals.

## ANALYSIS

■ Standard of Review. We engage in the same inquiry as the trial court in reviewing summary judgment. *Lund v. Grant County Pub. Hosp. Dist. No. 2*, 85 Wn. App. 223, 227, 932 P.2d 183 (1997). Summary judgment will be granted only if the record reveals there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c). All questions of law are reviewed de novo. *Sherman v. State*, 128 Wn.2d 164, 183, 905 P.2d 355 (1995).

Duty to Defend. The policy states that any person who is using the insured vehicle is an insured person. It further states that it will defend its insured person against

claims for damages arising from bodily injury. In this case, because both parties are claiming the other party was the driver, the Paradiso Estate contends that Farmers has a duty to defend both parties. According to the Paradiso Estate, the fact that Farmers obtained a release from Mr. Romas as its named insured does not mean Farmers can ignore the claims brought by Mr. Romas against the Estate.

■ An insurer's duty to defend arises when a complaint against its insured is filed. *National Steel Constr. Co. v. National Union Fire Ins. Co.*, 14 Wn. App. 573, 575, 543 P.2d 642 (1975). An insurer is obligated to defend allegations on the face of the pleadings that give rise to a covered event. *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 486, 687 P.2d 1139 (1984). "The general rule is that insurers who have reserved the right and duty to defend are obliged to defend any suit which alleges facts wherein, if proven, would render the insurer liable." *Greer v. Northwestern Nat'l Ins. Co.*, 109 Wn.2d 191, 197, 743 P.2d 1244 (1987) (quoting *Emerson*, 102 Wn.2d at 486); *Viking Ins. Co. v. Hill*, 57 Wn. App. 341, 346, 787 P.2d 1385 (1990). "[T]he duty to defend hinges not on the insured's potential liability to the claimant, but rather on whether the complaint contains any factual allegations rendering the insurer liable to the insured under the policy." *Emerson*, 102 Wn.2d at 486.

■ *Duty to Defend Mr. Romas.* The Estate filed a claim alleging that Mr. Romas was the negligent driver causing the wrongful death of Mr. Paradiso. That claim, in and of itself, invoked Farmers' duty to defend Mr. Romas under the language of the policy. *Emerson*, 102 Wn.2d at 486; *National Steel*, 14 Wn. App. at 575. The fact that Mr. Romas was the named insured paying the policy premium is not the dispositive issue. Rather, the dispositive fact by definition is who was "using" the vehicle at the time of the occurrence. There is no dispute that Farmers had a duty to defend Mr. Romas because if the allegations are proven to be true, Farmers is liable to pay the

damages. *Emerson*, 102 Wn.2d at 486. Mr. Romas, however, released Farmers from any further obligations and waived his right to have Farmers defend him in the wrongful death action. A release will be upheld as valid so long as there was no fraud, duress, overreaching, or false representation. *Finch v. Carlton*, 84 Wn.2d 140, 142, 524 P.2d 898 (1974). The validity of the release is not an issue on appeal.

Duty to Defend the Paradiso Estate. Likewise, Mr. Romas's allegations that Mr. Paradiso was the driver causing personal injuries also invokes Farmers' duty to defend. There is no legally distinguishable difference between the allegations of the parties that the other was the driver. The key consideration in determining whether the duty to defend has been invoked is whether the *allegation*, if proven true, would render Farmers liable to pay out on the policy. It is not the other way around. There does not first have to be a *finding* of who was the driver before the duty to defend is invoked.

██ Farmers contends that its duty to defend was extinguished by depositing the funds into the registry of the court pursuant to the statutorily defined interpleader action. RCW 4.08.160, .170. It is mistaken. The obligation to pay for a defense under these facts does not rise and fall on an interpleader action being filed, but rather depends on the contractual obligation put forth in the insurance policy. In this case, Farmers would have a duty to defend both parties because both parties fit the definition of an insured person as established by case law. They both became an "insured" once the allegation had been made that, if proven true, would render Farmers liable.

The policy contained language that Farmers would "not defend any suit or make additional payments after we have paid the limit of liability for coverage." However, the unilateral payment of policy limits into the registry of the court does not in and of itself relieve an insurer of its duty to defend. *Viking*, 57 Wn. App. at 349. Public policy required Farmers to act in good faith in obtaining a

release from the Paradiso Estate after the money was deposited. Farmers was required to act in the best interest of the Estate as one of its insureds; and still, whether the payment into the registry and procurement of release would absolve its duty would be a question of fact. *Viking*, 57 Wn. App. at 350. Regardless, Farmers never obtained a release from the Paradiso Estate. The avoidance of the duty to defend depends on whether a judgment or settlement has been reached with the injured party or the permission of the insureds has been obtained to forego the duty to defend. *Viking*, 57 Wn. App. at 348. Neither occurred. Farmers must procure a release by all its insureds not just the named insured.

Farmers' contention that there are no claims against the Paradiso Estate to defend is unpersuasive. The record establishes that Mr. Romas contends that Mr. Paradiso was the driver causing personal injuries to him. Farmers argues that since Mr. Romas limited his prayer for damages to the $25,000 interpleader insurance fund, there is no judgment being sought against the Estate to defend. We disagree.

Interpleader is a remedy involving two stages. During the first stage, the trial court determines whether the party invoking the interpleader action (Farmers) has a right to compel the claimants (Mr. Romas and Paradiso Estate) to litigate their claims to the money in one proceeding. *Federal Old Line Ins. Co. v. McClintick*, 18 Wn. App. 510, 513, 569 P.2d 1206 (1977). The second stage of interpleader involves the determination of the respective rights of the claimants to the money—in this case the $25,000 policy proceeds. *McClintick*, 18 Wn. App. at 513. In order to prove his right as the proper recipient, Mr. Romas claims that Mr. Paradiso was the driver causing his personal injuries. The Paradiso Estate in turn filed a wrongful death claim in order to prove that the Estate is the rightful recipient of the funds. They both have filed civil claims as mechanisms to prove who is the proper recipient to the interpleader funds. The fact that Mr. Romas

has limited his recovery only to the interpleader funds and is not seeking any additional judgment from the Estate does not absolve Farmers' duty to defend against the personal injury claims. The duty to defend is not limited to issues pertaining to the amount of damages being sought, but clearly includes the duty to defend against allegations of fault and liability as well.

The trial court erred in ruling as a matter of law that no contract existed between the Paradiso Estate and Farmers and that there was no duty to defend.

Bad Faith. The Paradiso Estate contends the trial court erred when it found that Farmers had not acted unreasonably, frivolously, or on untenable grounds when it refused to defend the Paradiso Estate against the claims brought by Mr. Romas. The Estate contends that Farmers' breach of duty to defend is a per se violation of the Trade Practices Regulations and the Consumer Protection Act and amounts to bad faith.

A denial of coverage based on a reasonable interpretation of the policy is not bad faith. *Miller v. Indiana Ins. Cos.*, 31 Wn. App. 475, 642 P.2d 769 (1982); *Castle & Cooke, Inc. v. Great American Ins. Co.*, 42 Wn. App. 508, 518, 711 P.2d 1108, *review denied*, 105 Wn.2d 1021 (1986). "Bad faith requires a showing of a frivolous and unfounded denial of benefits." *Miller*, 31 Wn. App. at 479. In order to make a showing of bad faith sufficient enough to invoke the Consumer Protection Act, the insurance company must have acted in a way that was both unlawful and contrary to public policy. *Salois v. Mutual of Omaha Ins. Co.*, 90 Wn.2d 355, 358, 581 P.2d 1349 (1978). As a matter of law, the denial of coverage alone is insufficient to show bad faith when there is a showing of a debatable question of coverage. *Miller*, 31 Wn. App. at 479.

"An insurance company violates the Consumer Protection Act if it acts without reasonable justification in handling a claim by its insured." *Villella v. Public Employees Mut. Ins. Co.*, 106 Wn.2d 806, 821, 725 P.2d 957 (1986). "A denial of coverage, although incorrect, based on

reasonable conduct of the insurer does not constitute an unfair trade practice." *Villella,* 106 Wn.2d at 821; *Felice v. St. Paul Fire & Marine Ins. Co.,* 42 Wn. App. 352, 361, 711 P.2d 1066 (1985), *review denied,* 105 Wn.2d 1014 (1986).

In this case, it was not unreasonable for Farmers to take the position that a *finding* first needed to be made as to who was the "insured person" under its policy. It admitted by way of answer to the Paradiso Estate that there would be a contractual duty to the Estate as an insured if it were proven Mr. Paradiso had been driving the vehicle at the time of the accident. Farmers acted in good faith in filing the interpleader action and depositing the insurance proceeds with the court as a means to protect and preserve the rights of all the parties. It did not favor one party over another by reserving an amount of the proceeds depending upon who proved to be the rightful recipient. Furthermore, Farmers was not unreasonable in believing that it needed only to obtain a release from the named insured after it paid the insurance proceeds into the court.

The Paradiso Estate's claims of per se bad faith rely on authority that already has determined who was the first party "insured." Under the facts of this case, that begs the question. Farmers incorrectly determined that once it obtained a release from the named insured and deposited the money that its duty to defend was satisfied. It did not take into account that it is the *allegations* of who the insured was and not *findings* that determines its duty to defend. Furthermore, it was not unreasonable for Farmers to believe that once the Paradiso Estate filed the wrongful death action there was no contractual obligation to the Estate. Farmers did not engage in deceptive practices and did not act in bad faith.

■■ Attorney Fees. In view of our disposition of this case, Farmers has a duty to defend and pay the fees and costs associated with the trial court claims brought by Mr. Romas against the Paradiso Estate. The Paradiso Estate also has the right to recoup attorney fees expended as a result of having to instigate the lawsuit against Farmers.

*Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 52-54, 811 P.2d 673 (1991); *McGreevy v. Oregon Mut. Ins. Co.*, 128 Wn.2d 26, 35, 904 P.2d 731 (1995). Pursuant to RAP 18.1, the Estate can recoup attorney fees and costs on appeal. *McGreevy*, 128 Wn.2d at 40. Farmers' request for attorney fees on appeal will be denied because the Paradiso Estate is substantially the prevailing party on appeal since all assignments of error hinged on Farmers' duty to defend.

Holding. We reverse the trial court's finding that Farmers had no duty to defend the Paradiso Estate. We affirm the court's finding that Farmers did not act in bad faith. We grant attorney fees to the Paradiso Estate.

SCHULTHEIS, A.C.J., and BROWN, J., concur.

Review denied at 135 Wn.2d 1007 (1998).