[No. 33381-3-II.   Division Two.   May 16, 2006.]

FAYEK F. BOULES ET AL., *Respondents*, v. GULL INDUSTRIES, INC., ET AL., *Defendants*, HYUNG KIM ET AL., *Appellants*.

*Matthew S. Kaser* (of *Shiers, Chrey, Cox, DiGiovanni, Zak & Kambich, L.L.P.*), for appellants.

*Randy W. Loun* (of *Law Office of Randy W. Loun*), for respondents.

¶1 HUNT, J.— Hyung and Mikyong Kim appeal the trial court's denial of their request for reasonable attorney fees following Fayek and Sonia Boules' voluntary dismissal of their fraudulent concealment action against the Kims arising from the purchase and sale of a gas station. The Kims argue that they are entitled to reasonable attorney fees under the contract's attorney-fee provision because the Bouleses' action arose out of the purchase and sale transaction. Holding that the contract's attorney-fee provision applies, we reverse and remand to the trial court to deter-

mine and to award the Kims their reasonable attorney fees and costs incurred in defending against the Boules' fraudulent concealment action.

## FACTS

¶2 In 1993, Fayek and Sonia Boules entered into a lease agreement with Gull Industries to operate a gas station in Poulsbo, Washington. By 1998, the relationship between Gull Industries and the Bouleses had soured, and Gull Industries terminated the lease.

¶3 The Bouleses agreed to sell their interest in the gas station to the Kims for $75,000, and they entered into a purchase and sale agreement.[1] The purchase and sale agreement provided for attorney fees to the prevailing party in the event of litigation:

> PURCHASER, SELLER, and BROKER agree that in the event any litigation between any of the parties, including the Broker, arising out of this transaction (whether closed or not), is instituted, the prevailing party or parties shall be entitled to recover from the other(s) their reasonable attorney's fees and reasonable costs incurred (whether or not statutory).

Clerk's Papers (CP) at 50, para. 19.

¶4 In August 1999, the Bouleses sued Gull Industries, two employees of Gull Industries, and the Kims. The Bouleses asserted that (1) the Kims had conspired with a Gull Industries employee to force the gas station sale at a low price and (2) the Kims had bribed a Gull Industries employee to reject any other potential purchasers. The Bouleses sought damages from the Kims for fraudulent concealment and Consumer Protection Act[2] (Act) violations.

¶5 In May 2005, the Bouleses voluntarily moved to dismiss their complaint and the trial court dismissed all claims against all defendants with prejudice. The Kims then

---

[1] Nonetheless, the Bouleses claimed that another purchaser was willing to pay approximately $200,000 for their interest in the gas station.

[2] RCW 19.86.010-.920.

requested reasonable attorney fees under the purchase and sale agreement and RCW 4.84.330. The trial court ruled that the Kims were the prevailing party, which the Bouleses do not dispute, and awarded the Kims only nominal statutory attorney fees and costs.

¶6 The trial court denied the Kims' request for actual, reasonable attorney fees[3] under the purchase and sale agreement and RCW 4.84.330. The trial court reasoned that (1) the Bouleses' fraudulent concealment claim was not based "on a contract" because the alleged wrongdoing occurred before the parties entered into the purchase and sale agreement and (2) the Bouleses' Consumer Protection Act claim was not subject to RCW 4.84.330 attorney fees because the Act contains a more specific attorney fees provision, which controlled.

¶7 The Kims appeal denial of reasonable attorney fees for defending against the fraudulent concealment claim.[4]

## ANALYSIS

¶8 The Kims argue that they are entitled to reasonable attorney fees under the purchase and sale agreement because the Bouleses' action for fraudulent concealment arose out of the purchase and sale transaction. The Bouleses counter that their action did not arise out of the transaction because the violations they alleged occurred before they entered into the contract with the Kims. We agree with the Kims.

### I. STANDARD OF REVIEW

¶9 A trial court decision awarding or refusing to award attorney fees is an issue of law, which we review de novo. *Ethridge v. Hwang*, 105 Wn. App. 447, 460, 20 P.3d 958 (2001). In reviewing contract provisions, our primary

---

[3] The trial court awarded statutory attorney fees of $469.00, while the Kims requested reasonable attorney fees totalling $10,261.76.

[4] The Kims do not seek attorney fees under the Act. Nor, as the trial court correctly ruled, would fees be available to the Kims under the Act, which authorizes only a claimant, not a defendant, to recover attorney fees. *Sato v. Century 21 Ocean Shores Real Estate*, 101 Wn.2d 599, 603, 681 P.2d 242 (1984).

goal is to determine the parties' intent. *Anderson Hay & Grain Co. v. United Dominion Indus., Inc.*, 119 Wn. App. 249, 254, 76 P.3d 1205 (2003). To determine the parties' intent we look at, among other things, the parties' acts and conduct subsequent to the agreement. *Berg v. Hudesman,* 115 Wn.2d 657, 666-67, 801 P.2d 222 (1990).

## II. ATTORNEY FEES

■ ¶10 The Kims argue on appeal that, under the purchase and sale agreement, they are entitled to reasonable, not merely nominal, attorney fees. We agree.

¶11 The Bouleses and Kims' purchase and sale agreement provides for an award of attorney fees to the prevailing party in the event of litigation:

> PURCHASER, SELLER, and BROKER agree that in the event *any litigation* between any of the parties, including the Broker, *arising out of this transaction* (whether closed or not), is instituted, *the prevailing party* or parties *shall be entitled to recover from the other(s) their reasonable attorney's fees and reasonable costs* incurred (whether or not statutory).

CP at 50, para. 19 (emphasis added).

¶12 Under the plain language of this agreement, the Bouleses engaged the Kims in litigation "arising out of this transaction," namely, the purchase and sale agreement for the Bouleses to sell their gas station to the Kims. The Bouleses sued the Kims, alleging that the Kims fraudulently forced them to sell their gas station at an unfair price. Because these allegations directly relate to conditions of the purchase and sale agreement, the litigation arose out of this purchase and sale transaction. Because the Kims prevailed, they are entitled to reasonable attorney fees under the attorney-fee provision of the agreement.[5]

## III. CONCLUSION

■ ¶13 Because the Kims are the prevailing party in the fraudulent concealment litigation based on the pur-

---

[5] The Kims also argue they are entitled to reasonable attorney fees under RCW 4.84.330. Because we resolve the issue on the face of the purchase and sale agreement, we need not address this argument.

chase and sale agreement, both below and on appeal, we hold that they are entitled to reasonable attorney fees under the purchase and sale agreement both below and on appeal. *Puget Sound Mut. Sav. Bank v. Lillions*, 50 Wn.2d 799, 807-08, 314 P.2d 935 (1957), *cert. denied*, 357 U.S. 926 (1958); *Granite Equip. Leasing Corp. v. Hutton*, 84 Wn.2d 320, 327-28, 525 P.2d 223 (1974). The language of the agreement—"shall be entitled to recover from the other(s) their reasonable attorney's fees and reasonable costs incurred (whether or not statutory)"—mandates the award of reasonable attorney fees and costs. Therefore, the trial court erred in awarding the Kims only nominal attorney fees.

¶14 Accordingly, we reverse the trial court's denial of reasonable attorney fees to the Kims and remand for the trial court to determine and to award them reasonable attorney fees and costs attributable to their litigation of the fraudulent concealment claim below. We also grant reasonable attorney fees and costs to the Kims on appeal for that portion attributable to the fraudulent concealment claim, in an amount to be determined by our court commissioner.

QUINN-BRINTNALL, C.J., and VAN DEREN, J., concur.

