NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ALLIANCE SHIPPERS, INC., a New Jersey corporation, | ) ) ) | No. 11-36082 |
| | ) | D.C. No. 2:09-cv-03126-RMP |
| Plaintiff – Appellant, | ) ) | |
| | ) | **MEMORANDUM**[*] |
| v. | ) ) | |
| ALWAYS TRANSPORT, INC., a Washington corporation, | ) ) ) | |
| | ) | |
| Defendant – Appellee. | ) ) | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Submitted March 6, 2013[**]
Seattle, Washington

Before:    FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

Alliance Shippers, Inc. appeals the district court's denial of its request for an

award of attorney's fees and treble damages against Always Transport, Inc.  We

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

affirm.

(1)     Contract.  The district court granted judgment against Always based upon its determination that Always had improperly withheld (converted) a trailer that Alliance owned.  Alliance asserts that the district court erred when it denied Alliance attorney's fees, despite the presence of an attorney's fee provision in a contract between Alliance and Always.  We disagree.  Attorney's fees are not generally available in Washington,[1] and, while they can be provided for contractually, whether they can be awarded in any particular case depends upon the scope of the contract provision and whether the action in question is actually based upon that contract.[2]  The provision in this case covers "property, cargo, or commodities" being shipped, not the trailer.  More than that, the conversion claim could be (and was) determined without reference to the contract itself, and the causal connection between the contract and the conversion was not sufficient under Washington law – mere "but for" causation will not do.  See Hemenway v. Miller, 807 P.2d 863, 873 (Wash. 1991); Boguch v. Landover Corp., 224 P.3d 795, 805 (Wash. Ct. App. 2009); Burns v. McClinton, 143 P.3d 630, 641 (Wash. Ct. App.

_____

[1]See Hudson v. Condon, 6 P.3d 615, 621 (Wash. Ct. App. 2000).

[2]See Boules v. Gull Indus., Inc., 134 P.3d 1195, 1197 (Wash. Ct. App. 2006); Tradewell Grp., Inc. v. Mavis, 857 P.2d 1053, 1058 (Wash. Ct. App. 1993).

2

2006).

(2)    Replevin.  Next, Alliance asserts that the district court should have awarded it attorney's fees under Washington's recovery of personal property laws. See Wash. Rev. Code §§ 7.64.020, 7.64.035.  Again, we disagree.  As the district court pointed out, the attorney's fee provision in question does not provide for fees in every action for possession; they are provided for those actions where the defendant raises no triable issue of fact regarding possession or damages at or before an order to show cause hearing.  See id. § 7.64.035(3); see also Puget Sound Nat'l Bank v. Honeywell, Inc., 698 P.2d 584, 588 (Wash. Ct. App. 1985).  Here, it is plain that issues of fact regarding damages were raised, that a trial was required and that one ensued.

(3)    Consumer Protection.  Finally, Alliance argues that the district court erred when it failed to award attorney's fees (and treble damages) pursuant to the Washington Consumer Protection Act.  See Wash. Rev. Code §§ 19.86.020, 19.86.090.  We disagree.  Here, although the district court determined that there was an actionable misrepresentation on Always' website, Alliance well knew that Always was acting as a broker, and it chose to deal with Always anyway.  On this record, we cannot say that those factual findings were clearly erroneous.  See Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 879 (9th Cir.

3

2005). As a result, Alliance did not show that the misrepresentation caused it any loss. See Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 170 P.3d 10, 22 (Wash. 2007); see also Schnall v. AT&T Wireless Servs., Inc., 259 P.3d 129, 137 (Wash. 2011) (en banc).

AFFIRMED.